DYER *vs.* DORSEY and EDELEN.—*December,* 1829.

In an action upon agreement, by which, after reciting that D had sold to W tracts or parcels of land, sold by A to C and R, and by their agents sold to D, and for which D had executed a deed to W; D covenanted with W, that a deed should be executed to him, conveying to him the said lands of C and R, by a given day, and to that, bound himself in a certain penalty;—such penalty cannot be recovered as liquidated damages, it was only intended by the parties as a security for the faithful performance of the contract.

In this case, the sum of money which it might be necessary to pay, for obtaining the title of C and R, would furnish the true measure of damages, for a breach of D's covenant, the proof of which sum was on the plaintiff; and it appearing that the plaintiff had not paid D the whole of the purchase money for the said lands, the jury were properly instructed that in estimating the amount of damages, they should, under the act of 1785, *ch.* 46, *sec.* 7; deduct whatever sum of money remained in the hands of the plaintiff on account of said purchase.

APPEAL from *Charles County* Court. This was an action of *covenant,* brought on the 2d of February, 1824, by the appellant, (the plaintiff in the County Court) against the appellees, the defendants in that court, on the following agreement, to wit: *C. Dorsey* having sold to *William C. Dyer,* tracts or parcels of land, sold by *Henry Anderson* to *Campbell* and *Ritchie,* and by their agent, *Henry H. Chapman,* sold to *C. Dorsey,* and for which lands the said *Dorsey* has executed a deed to the said *William C. Dyer.* Now we hereby covenant and bind ourselves to the said *Dyer,* that a deed shall be executed to the said *Dyer,* conveying to him the said lands during the month of August, of *Campbell* and *Ritchie,* and to this we bind ourselves in the penalty of two thousand dollars. Witness our hands and seals this eleventh of June, 1822.

The breach laid in the declaration was, that the defendants had not executed, or caused to be executed to the plaintiff, a conveyance of the title of *Campbell* and *Ritchie*, at the time mentioned for that purpose in the said agreement, before or since ; but that they had wholly neglected, and refused so to do. The defendants pleaded *non infregit conventionem*. Issue joined.

At the trial the plaintiff read in evidence, the covenant on which this action was brought, which the defendants admitted was signed and sealed by them. He then read in evidence the following agreement: "Memorandum of an agreement, entered into on this 26th day of April, 1822, between *Clement Dorsey*, of *Saint Mary's* county, and *William C. Dyer* of the other part; the said *Dorsey* covenants and agrees to sell to the said *Dyer* the land which he bought of *Henry H. Chapman*, and which was conveyed to him by *Henry Anderson*, and to give him possession thereof at Christmas next, for which the said *Dyer* covenants to pay him twenty-five hundred dollars; if the said *Dorsey* request it, the said *Dyer* is to pay him one thousand dollars when called on, and the residue at Christmas next; the said *Dorsey* stipulates to give the said *Dyer* a good and legal title to the same in fee simple, with a general warranty; the said *Dorsey* has the use of the same this year, but is not to cut wood or timber therefrom, and is to permit the said *Dyer* to seed thereon; the said sum of one thousand dollars is not to be paid till the deed is executed to the said *Dyer*. In witness whereof," &c. He then gave in evidence to the jury, that he had paid *C. Dorsey*, one of the defendants, the sum of fifteen hundred dollars. The defendants then proved, that the plaintiff had held possession of the land in question, since the original purchase up to this time, and gave evidence that the plaintiff admitted that he owed the defendant *Dorsey*, upwards of one thousand dollars, for the land purchased of the said *Dorsey*, of which the plaintiff has had uninterrupted possession to this time. The plaintiff then prayed the court to instruct the jury, that from the pleadings and the evidence in this cause, the plaintiff was entitled to recover the penalty of two thousand dollars, in the said agreement mentioned, upon which the action is brought, which opin-

ion and direction the court refused to give, but were of opinion, and so instructed the jury, that the sum of money which it might be necessary to pay for the obtaining of the title of *Campbell* and *Ritchie,* would furnish the true measure of damages in this case, and that the proof of that fact was upon the plaintiff. They further instructed the jury that in estimating the amount of damages in this case, they should deduct whatever sum of money remained in the hands of the plaintiff, on account of the purchase made by him of *Clement Dorsey* the defendant; the plaintiff excepted, and the verdict and judgment being but for nominal damages, he appealed to this court.

The cause was argued before BUCHANAN, Ch. J., EARLE, ARCHER and DORSEY, J.

*Stonestreet* for the appellant, referred to *Cannell vs. M'Lean,* 6 *Harr. & Johns.* 297.

*C. Dorsey,* for the appellees, referred to the act of 1785, *ch.* 80, *sec.* 13. He contended that the case in 6 *Harr. & Johns.* was not applicable, as the party there was not in possession of the land.

ARCHER, J. delivered the opinion of the court.

The penalty cannot be recovered in this case as liquidated damages. It was only intended by the parties as a security for the faithful performance of the contract.

The value of the land at the time of the breach of the contract ought not, as has been contended, to constitute the measure of damages, for such a rule applied here, would work this injustice. The plaintiff would obtain the value of the land, and would moreover hold *Dorsey's* right and title, having obtained a conveyance for the same, and would be left in possession of the land. Some outstanding right to these lands existed in *Campbell* and *Ritchie,* but its precise nature and character does not distinctly appear. *Anderson* was their original proprietor, who sold them to *Campbell* and *Ritchie,* and *Chapman* the agent of *Campbell* and *Ritchie,* sold them to *Dorsey.* The right, what-

ever it was, which *Dorsey* acquired under these contracts, *was conveyed by deed to the plaintiff.* These facts shew how essentially this case varies from the case of *Cannell vs. M'Lean,* 6 *Harr. & Johns.* 297. The rule laid down by the court below, as to the measure of damages, is the correct rule to be applied to this controversy. It completely secures the plaintiff, and indemnifies him against the defendant's breach of the contract. We also concur with the court below in the opinion by them expressed, that the *onus* of proof in this respect, lies upon the plaintiff; for the plaintiff must always be prepared with proof to shew the extent of injury he may have sustained, by the breach of any contract, before he can be entitled to recover his measure of damages.

We perceive no error in the direction which the court gave to the jury, that they ought to deduct from the damages they should find, whatever sum of money remained in the hands of the plaintiff, on account of the purchase made by him of *Dorsey.* The doctrine held out by this opinion, is maintained and settled by the Court of Appeals, in the case of *the Baltimore Insurance Company vs. McFadon,* 4 *Harr. & Johns.* 31, in which the court have given a construction to the act of 1785, *ch.* 46, *sec.* 7, in relation to set off.

<div align="right">

JUDGMENT AFFIRMED.