## MILTON W. WARFIELD *vs.* WILLIAM BOOTH.

*Variance — Contracts void from Public Policy — Parol Testimony to explain a Written contract — Rescission of Contracts — Recoupment — Measure of Damages.*

W, a physician, practising in the town of L, sold to B, by written agreement, "his good will of practice for the sum of $1,000; $300 in hand paid and his notes for one and two years for the remainder; said W to quit the practice in favor of B." The $300 was paid down and W discontinued practice. On the maturity of the first note, B did not pay it, and W resumed practice. B thereupon sued W for breach of contract. The declaration alleged a contract limited in its terms to the town and neighborhood of L. HELD:

1st. That by the terms of the contract it was confined to the limits over which W's practice had extended, and there was no variance between it and the one alleged in the declaration.

2d. That the contract was limited to L and vicinity, and was not obnoxious to objection on the ground of public policy.

3d. That it was competent to prove by extrinsic parol testimony that the contracting parties were physicians; and that the practice of W was confined to L and neighborhood, in order to render intelligible the terms "good will of practice," and to show the subject-matter to which the contract referred.

4th. That evidence of the failure of B to pay the note was admissible in mitigation of damages by way of recoupment; but not as proof of an abandonment or rescission of the contract.

5th. That the measure of damage suffered by B, was such sum as the jury might find to have been the value of the practice which he lost by W resuming practice, from the time of such resumption to the time of instituting suit, diminished by the balance of the price due W, under the contract and secured by the notes.

APPEAL from the Circuit Court for Howard County.

The defendant's third plea alleged that the plaintiff had not paid the note given in pursuance of the contract, at maturity,

and still refused to pay it, and by so doing had refused to perform the stipulations by him to be performed.

To this plea the plaintiff demurred and the Court sustained the demurrer. The question raised by the first bill of exceptions was the variance between the contract alleged in the declaration and that offered in evidence; that raised by the second bill was the admissibility of parol testimony in explanation of the written contract; and that raised by the third bill was as to the admissibility of the testimony to show that the plaintiff had failed to pay the promissory note at maturity. All of these exceptions are explained in the opinion of the Court.

*Fourth Exception:* The plaintiff offered the following prayer:

If the jury find from the evidence in the cause that the defendant made and entered into the agreement offered in evidence, and received from the plaintiff the sum of three hundred dollars and the promissory notes in said agreement mentioned, and that the defendant afterward and before the bringing of this suit, returned to Lisbon and the neighborhood thereof, and resumed his practice as surgeon and physician at said place and in the neighborhood thereof, then the plaintiff is entitled to recover in this action under the fourth count of the declaration.

The defendant asked the following instructions:

1st. That there is no evidence in the cause entitling the plaintiff to recover under the first three counts of the declaration.

2d. That there is no evidence in the cause entitling the plaintiff to recover under the fourth count of the declaration.

3d. If the jury should find that the paper writing dated the sixth of March, 1867, which has been offered in evidence, was executed by the defendant, yet under the fourth count in the declaration the plaintiff cannot recover, because the contract set forth in said fourth count is not the same contract offered in evidence, but materially varies therefrom.

Warfield vs. Booth.

4th. If the jury find a verdict for the plaintiff, they can only find a verdict for such amount as will be an equivalent for the pecuniary loss sustained by him in his business of physician and surgeon by the abstraction of business from him by the defendant.

5th. That the plaintiff can only recover in this action such sum as from the evidence the jury shall find to be the value of the practice obtained by the defendant, which would or might have been enjoyed by the plaintiff, if the defendant had not resumed the practice of his profession at and in the neighborhood of the village of Lisbon.

6th. If the jury find for the plaintiff upon the fourth count, they can only find for him such sum as from all the evidence they shall find to have been the value of the practice which he took between the time when the defendant resumed his practice and the time of instituting this suit, by reason of the defendant's so resuming his practice.

The Court granted the prayer of the plaintiff as also the first and sixth prayers of the defendant, but refused the other prayers of the defendant. The defendant excepted to the ruling of the Court in granting the plaintiff's prayers and rejecting his second, third, fourth and fifth prayers; and the verdict and judgment being against him he appealed.

The cause was argued before BARTOL, C. J., MAULSBY, GRASON and ROBINSON, J.

*James Macubin* and *Wm. M. Merrick*, for the appellant.

The written agreement offered in evidence, has, *in, of and by itself*, all the essentials of *a contract;* is of that solemn nature which evinces the design to make it the repository and evidence of the final intentions of the parties thereto, and is perfectly plain and intelligible, according to the ordinary and popular signification of the terms thereof; and, therefore, cannot be varied by oral testimony. 1 *Greenleaf on Evidence,* secs. 275, 277, 278, 280, *n.* (4) 281, *n.*

5          v. 33

(3;) *Murray vs. Spencer*, 24 *Md.*, 522; *Abbott vs. Gatch*, 13 *Md.*, 331.

If taken alone, (unaided by oral testimony,) it is materially variant from the contract alleged in the *narr.* and is, therefore, inadmissible. 1 *Greenleaf on Ev.*, secs. 63, 66, 68, 69; 2 *Greenleaf on Ev.*, sec. 11; 1 *Chitty's Pl.*, 311.

It is void as against public policy, because *general* in its terms, and is of that class of contracts that Courts will not *so far favor* as to *seek*, by *interpretation* to *make* them valid; especially where the terms are *hard and insufficient*, as in this case, if the appellee's construction of it be correct. *Mitchell vs. Reynolds*, 1 *P. Wms.*, 181; 1 *Story's Eq. Jur.*, 292; 2 *Waterman's Eden on Injunction*, 365–1, *and* 366; *Whitney vs. Slayton*, 40 *Maine*, 224; *Shackle vs. Baker*, 14 *Ves, Jr.*, 468; 2 *Parsons on Contracts*, 747.

The refusal to pay the note which matured in March, 1868, and *the accompanying defiance*, was a *rescission* or *abandonment* of the contract, or an authority to the appellant so to regard it, in so far at least as to preclude any right of action on the contract by the appellee. 2 *Parsons on Contracts*, 517, 678, 679; *Rodemer vs. Hazlehurst*, 9 *Gill*, 293.

The acceptance of a note is not an absolute payment or extinguishment of a debt, *without an express agreement so to receive it*, even though a receipt is given for the debt. *Md. & N. Y. Coal and Iron Co. vs. Wingert*, 8 *Gill*, 177; *Glenn vs. Smith*, 2 *G. & J.*, 512, 1 *Parsons on Cont.*, 464, notes *m.* and *n.*; 2 *Greenleaf on Ev.*, secs. 136 *and* 136 *a.*; *Cline vs. Miller*, 8 *Md.*, 285; *Beall vs. Pearre*, 12 *Md.*, 566.

The defendant was entitled to *recoup* the amount due on the notes. *Waterman on Set-Off, Recoupment and Counter-Claim*, secs. 416, 421, 422, 423, 424, 425, 426, 427, 431, 432, 433, 436, 488; *Abbott vs. Gatch*, 13 *Md.*, 332; *Stewart vs. Rogers*, 19 *Md.*, 117, 118; *Balt. M. Ins. Co. vs. Dalrymple*, 25 *Md.*, 309; *Dowler vs. Cushwa*, 27 *Md.*, 367.

If there was a right to recover at all, the true measure of damages was *the value of the good will as fixed by the agree-*

*ment, less a fair proportion of that value,* for the time the appellee enjoyed its benefits, and less also the amount due on the notes. *Sedgwick on Damages,* 103, 105, 106, 295, 296, 297, 298, 299, *(5th ed.;) Whitney vs. Slayton,* 40 *Maine,* 224; *Middlekauff vs. Smith,* 1 *Md.,* 341; *Abbott vs. Gatch,* 13 *Md.,* 332, 333; *Cooke vs. England,* 27 *Md.,* 35; *Rodemer vs. Hazlehurst,* 9 *Gill,* 293, 294, 295 and 296.

*Thomas Donaldson* and *Geo. W. Sands,* for the appellee.

Upon the authority of all the cases both at law and in equity, the good will and practice of any profession, craft or trade, is a subject of bargain and sale. *Hitchcock vs. Crocker,* 6 *Adol. & Ellis,* 453; *Butler vs. Burleson,* 16 *Vermont,* 178; *Davis vs. Mason,* 5 *T. R.,* 118; *Burns vs. Guy,* 4 *East,* 190; *Mitchell vs. Reynolds,* 1 *Peere Williams,* 182. There was no material variance between the agreement offered in evidence, as set out in the appellant's first exception, and the alleged contract, as declared upon by the plaintiff in the Court below, and, therefore, the written agreement was *admissible* in evidence.

The testimony set out in the appellant's second bill of exceptions, was properly admitted, *not* as explaining, altering or varying the terms of the agreement, but simply as fixing the vicinage over and around which the practice of the appellant extended—as showing the subject-matter to which the contract referred. The contract entered into by the parties was limited to certain reasonable bounds—being the actual extent of the appellant's practice—and, therefore, the contract was not against public policy. *Mitchell vs. Reynolds,* 1 *Peere Williams,* 181, 182.

The evidence offered by the defendant to maintain the issues on his part joined, set out in his third bill of exceptions, was properly rejected, upon the ground that actions for damages are not subject to set-off or *recoupment* on account of money alleged to be due on contracts. *Slayback vs. Jones,* 9 *Ind.,* 470; *Cram vs. Dresser,* 2 *Sandf.,* 120; 39 *Maine,* 429;

*Pierce vs. Hoffman,* 4 *Wis.,* 277; *Phillips vs. Keifer,* 2 *Metc.,* (*Ky.,*) 478; *Waterman on Set-Off, Recoupment and Counter-Claim,* 154, 155, 156, 158, 160, 161, 162, 163.

BARTOL, C. J., delivered the opinion of the Court.

This action was instituted by the appellee, who recovered exclusively upon the fourth amended count of the declaration, the Court below having instructed the jury that there was no evidence entitling him to recover under the other counts.

The fourth avers that the defendant sold to the plaintiff "his good will of practice as surgeon and physician at and in the neighborhood of the town of Lisbon, in Howard County," and agreed "that he, the said defendant, would quit the said practice on the 1st day of May, 1867, in favor of said plaintiff."

The contract offered in evidence is in writing as follows:

"Article of agreement entered into this 6th day of March, 1867, by Dr. M. W. Warfield, on the one part, and Dr. William Booth, on the other, hereby said Warfield sells to said Booth his goodwill of practice for the sum of one thousand dollars, three hundred in hand paid, and his notes for one and two years for the remainder. Said Warfield to quit the practice on the 1st day of May, 1867, in favor of said Booth. The proceeds of the co-partnership, until the first of May, to be equally divided.

"M. W. WARFIELD,
WM. BOOTH."

Objection was made to the admissibility of the written contract in evidence, on the ground of variance. It has been argued that it is materially variant from the contract set out in the declaration; because the latter purports to be limited in its terms to the town and neighborhood of Lisbon, while the written article is general and unrestricted, being a sale of the plaintiff's goodwill of practice without any restriction, and an agreement to quit the practice generally; which, it is con-

tended, besides being variant from the contract declared on, is void as against public policy.

The first point to be considered is the question of variance, and this depends upon the construction of the contract.

Warfield sells *his goodwill of practice, and agrees to quit the practice in favor of Booth;* that is to relinquish to Booth the practice which he had, and not to compete with him within the limits or range of country over which his practice had extended. It does not import an agreement on the part of Warfield to quit the practice altogether and in every place. *"His goodwill of practice"* which he sells could extend no farther than his practice as a physician and surgeon had extended, and that is what he agrees to quit or relinquish in favor of Booth. So construed the written contract was admissible in evidence under the declaration. It was competent to prove by extrinsic parol evidence that the contracting parties were physicians and surgeons, so as to make intelligible the terms "goodwill of practice" found in the contract, and to show what trade or profession was meant. It was also competent to prove that the practice of Dr. Warfield as a physician and surgeon had been confined to the village of Lisbon and its neighborhood, so as to show the subject matter to which the contract referred.

For such purpose parol evidence is always admissible. Its office is not to alter or contradict the writing, but to apply it to the subject matter, in order that it may be executed according to the true intent of the parties. It is a familiar rule that "where the agreement in writing is expressed in short and incomplete terms, parol evidence is admissible to explain that which is *per se* unintelligible, such explanation not being inconsistent with the written terms." 1 *Greenleaf on Ev., sec.* 282. The rule is thus correctly stated by ISHAM, J., in *Noyes vs. Canfield,* 27 *Verm.,* 79, (85.) "Whenever an ambiguity arises from extrinsic matters, or when from the language used the object or extent of the contract cannot be determined, parol testimony is admissible to remove the ambiguity, or to ascer-

tain the object upon which the contract was designed to operate. It is a mere rule of interpretation to find out the meaning of the written words as the parties used them."

We refer also to *McCreary vs. McCreary*, 5, *G. & J.*, 147; *Creamer vs. Stephenson*, 15 *Md.*, 212; and to *Stockham vs. Stockham*, 32 *Md.*, 196, in which the same rule has been recognized.

Such we understand to be the character of the parol evidence contained in the second bill of exceptions, and there was no error in admitting it. There can be no doubt or question that the contract so construed and limited in its extent and operation, is valid and binding upon the parties, and is not obnoxious to any objection on the ground of public policy.

In the case of *Guerand vs. Dandelet*, 32 *Md.*, 561, this Court had occasion to consider the subject of contracts in restraint of trade, and it was held that such contracts when only in partial restraint of any particular trade or employment, as where the restraint is limited to a particular locality, if founded upon a sufficient consideration are valid and will be enforced. This case falls clearly within the decision of *Guerand vs. Dandelet*, and the contract sued on is valid and binding.

The questions presented by the third bill of exceptions arise as follows:

It was proved by the plaintiff that in execution of the contract and in accordance therewith, he paid the defendant $300 cash, and gave his promissory notes at one and two years for the respective sums of $300 and $400.

The defendant then offered to prove that the note of $300 had matured, and payment thereof had been demanded and refused, before the alleged breach of the contract had been made by the defendant, by his resuming the practice of his profession at and in the neighborhood of Lisbon.

And further offered to prove that the said note is still held by him and remains unpaid. This testimony was objected to

by the plaintiff as inadmissible, and the objection having been sustained by the Circuit Court, and the testimony rejected, the defendant excepted.

In disposing of the exception, it is necessary to consider the several purposes or objects for which the evidence was offered, as stated by the defendant:

1st. The testimony was offered as tending to prove an abandonment or rescission of the contract on the part of the plaintiff, and was relied on as a bar to the action. Clearly, it was not admissible for that purpose. The contract was performed by the plaintiff, according to its terms, by paying $300 in money, and giving his notes for the balance of the consideration; surely, it cannot be pretended that the failure to pay the notes puts an end to the contract.

In *Franklin vs. Miller*, 4 *Adol. & Ell.*, 599, LITTLEDALE, J., says: "It is a clearly recognized principle, that if there is only a partial failure of performance by one party to a contract, for which there may be a compensation in damages, the contract is not put an end to." But this is a plainer case than *Franklin vs. Miller*. The consideration of the contract, as stipulated by the parties, was the payment of $300 in cash, and the promissory notes of the plaintiff for the balance of the $1,000, the price agreed on. The defendant accepted the money and the security; it would be a novel doctrine in the law to hold that the plaintiff's failure to pay his notes at maturity works a rescission of the whole contract, and divests the rights acquired by the plaintiff by the performance of the contract on his part according to its terms.

2d. Was the evidence that the notes were held by the defendant, and were overdue and unpaid, admissible in mitigation of damages, or by way of *recoupment* or reduction of the plaintiff's claim of damages on account of the breach of contract? Or, in other words, is the defendant entitled to set-off, or *recoup* out of the plaintiff's claim, to the extent of the balance of the purchase money or consideration due to him under the contract, and still remaining unpaid?

The doctrine of *recoupment* is comparatively modern in the law, and the cases in which it has been considered are not entirely harmonious. In the recent work of Mr. Waterman, on "Set-off, Recoupment and Counter-claim," in which the cases have been collected with much labor and care, the author says, in section 452, " but the instances and extent to which the right of recoupment may be exercised by the defendant is, to a considerable degree, yet unsettled."

Judge BRONSON, in *Batterman vs. Pierce,* 3 *Hill,* 171, says: " The principle of allowing the parties to adjust the whole controversy in one action, has not been applied with entire uniformity," and adds, " that the doctrine, although founded in the plainest principles of justice, is not of very long standing; and while it was in a forming state, it may well have happened that the rule should sometimes be overlooked, both by Court and counsel. But the principle is now too firmly settled to be shaken by a few straggling cases, or the occasional *dicta* which seem to look in the opposite direction."

It was said by SHAW, C. J., in *Dorr vs. Fisher,* 1 *Cush.,* 271, that " the general tendency of modern judicial decisions has been to avoid circuity and multiplicity of actions, by allowing matters, growing out of the same transaction, to be given in evidence by way of defence instead of requiring a cross action, when it can be done without a violation of principle or great inconvenience in practice."

In *Ives vs. Van Epps,* 22 *Wend.,* 155, Judge COWEN said: " Recoupment is now uniformly applied where a man brings an action for breach of a contract between him and the defendant, and the latter can show that some stipulation in the same contract was made by the plaintiff, which he has violated. There the defendant may, if he choose, instead of suing in his turn, *recoup* his damages arising from the breach committed by the plaintiff, whether they be liquidated or not. The law will cut off so much of the plaintiff's claim as the cross damages will come to." This doctrine has been recognized and applied in this State.

In *Beall vs. Pearre,* 12 *Md.,* 550, it was held that in an action upon a promissory note given for merchandise, the vendee, defendant, might *recoup* or reduce the plaintiff's claim by proving damages growing out of a breach of warranty by the vendor as to the quality and condition of the property sold.

In *Abbott vs. Gatch,* 13 *Md.,* 315, which was an action of *assumpsit* for work done and materials furnished by the plaintiff in the construction of a mill, there was a written contract between the parties, and the defendant claimed, by way of *recoupment,* damages by reason of an alleged breach of the contract, on the part of the plaintiff, in failing to complete the mill at the time stipulated. The Court said, (p. 332): " In many cases a defendant may *recoup* for damages resulting from the plaintiff's failure to execute his contract. Formerly, a cross action was deemed to be the proper remedy ; but now the law is settled, that the matter may be urged by way of defence."

The *Balt. M. Ins. Co. vs. Dalrymple,* 25 *Md.,* 269, was an action of *tort,* brought against a bailee, for an illegal conversion of stock pledged ; it was decided that the defendant was entitled to *recoup* the amount of the debt to secure which the stock had been pledged. The same question was decided in *Dowler vs. Cushwa,* 27 *Md.,* 355.

These cases are sufficient to show that the doctrine of *recoupment* has become the settled law of this State. Is it applicable to the present case ? Here the damages claimed by the plaintiff are for an alleged breach of contract on the part of the defendant in resuming his practice, after having sold his good-will of the same to the plaintiff, and agreed to relinquish it in his favor. The consideration of this contract was the sum of $1,000, of which $300 was paid, and the balance remains unpaid, and is still due to the defendant. Why may not the defendant be allowed in this suit to set-off this balance in reduction of the plaintiff's claim ? There would seem to be great injustice in denying to him such a defence.

In *Dyer vs. Dorsey & Edelin*, 1 *G. & J.*, 440, a suit was brought on a covenant for the conveyance of an outstanding title to land. The County Court instructed the jury that the true measure of damages was the sum of money which it was necessary for the plaintiff to pay for the outstanding title, and that from this sum they should deduct whatever sum of money remained in the hands of the plaintiff on account of the purchase made by him from the defendant.

The ruling of the County Court was affirmed; and the case of the *Baltimore Ins. Co. vs. McFadon*, 4 *H. & J.*, 31, was cited to show that such a set-off was within the true intent and spirit of the Act of 1785, chapter 46, section 7.

If the contract sued on here had stipulated simply for the payment of $1,000 as the consideration, $300 thereof in cash, and the balance in one and two years, without any provision requiring the plaintiff to give his promissory notes for the deferred payments, the case would fall directly within the principle of *Dyer vs. Dorsey & Edelin*. We do not perceive that, taking the promissory notes of the plaintiff in any respect, changes the rights of the parties. It is settled, that the acceptance of a note is not a payment or extinguishment of a debt unless there is an express agreement so to receive it. *Md. & N. Y. Coal and Iron Co. vs. Wingert*, 8 *Gill*, 177; *Glenn vs. Smith*, 2 *G. & J.*, 512.

The claim of the defendant for the balance due upon the contract, remained unextinguished by the acceptance of the promissory notes, and he was clearly entitled to set-off the same in the suit, in reduction of the plaintiff's claim. The evidence offered by him in the third bill of exceptions, ought to have been admitted for that purpose.

For the reasons before stated, we are of opinion the second and third prayers of the defendant were properly rejected, and the Circuit Court was correct in sustaining the demurrer to the third plea. We also affirm the ruling of the Circuit Court in the first and second bills of exceptions, but reverse on the third bill of exceptions.

The fourth, fifth and sixth prayers of the defendant relate to the measure of damages; the first two were refused, and the last was granted; this, we think, stated the rule correctly, that is to say, such sum as the jury might find to have been the value of the practice which the plaintiff lost between the time when the defendant resumed his practice and the time of instituting this suit, by reason of the defendant's so resuming his practice.

But the defendant is entitled to set-off against this sum, the balance of the price or consideration due him under the contract, and secured by the plaintiff's notes.

<div align="right">

*Judgment reversed and
new trial awarded.*