(Decided 17th December, 1889.)

DARIUS HARMAN, and others, trading as HICKS & BRO. *vs.* MICHAEL BANNON, Committee and Trustee of PHILIP H. WATTS.

*Action on a Promissory note—Recoupment.*

A promissory note was given in payment for a quantity of cord-wood, and other articles of personal property, sold to the makers at public auction by an agent of the payee, but not delivered at the time of the sale. A few days after the sale the vendor agreed that the vendees should be permitted to convert the wood into charcoal on the vendor's land, whereupon they signed the note, and one of them testified that he would not have signed it without such agreement. In an action on the note, to which the plea of set-off was filed, it was HELD:

That the contract, by which the wood was to be converted into charcoal on the vendor's land, was so directly connected with the subject-matter of the note, that if it was violated on the part of the payee, the defendants were entitled to off-set or recoup against his claim, the amount of the loss occasioned by such violation.

APPEAL from the Circuit Court for Prince George's County.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, IRVING, BRYAN, and McSHERRY, J.

*William Stanley,* for the appellants.

The case presented is one where there are cross demands between plaintiff and defendants, arising out of one and the same transaction. In such cases it is the policy of the Courts, if possible, that one suit should settle all questions between the parties, and that the defendants be not driven to a suit for damages. It can hardly be contended upon the admitted facts, that the refusal on the part of the plaintiff would not afford an independent action of damages. If such be the case, the defendants have a right to recoup in the same action. The leading case in Maryland is the case of *Abbott vs. Gatch,* 13 *Md.*, 314, and has been since affirmed by this Court in a large number of cases; viz., *Baltimore Marine Ins. Co. vs. Dalrymple,* 25 *Md.*, 309; *Dowler vs. Cushwa,* 27 *Md.*, 368; *Warfield vs. Booth,* 33 *Md.*, 73; *Shafer vs. Wilson,* 44 *Md.*, 278.

For the general doctrine upon this subject, see 2 *Benjamin on Sales, sec.* 1267, *and notes, (Ed. of* 1888,) also *note of Judge Freeman, in* 40 *American Decis.*, 320.

For cases under facts very similar, if not almost identical with the present case, see the case of *Hill vs. Southwick,* 9 *Rhode Island,* 299, reported also in 11 *Am. Rep.*, 250; and the cases cited in that opinion, especially the case of *Batterman vs. Pierce,* 3 *Hill,* 170, 174; see also *Andre vs. Morrow,* 65 *Miss.*, 315; 7 *American S. Rep.*, 658; *Schweickhart vs. Stuewe,* 71 *Wisconsin,* 1.

Should it be contended that the public sale at which these articles were purchased, gives the right to maintain this action, and prevents a recoupment, it will be urged that the note itself is the only contract alleged in

the *narr.*, there being no common counts, and the note itself is the sole cause of action.   Further, it will be argued that the public sale amounted simply to a bid never consummated until the new note was given.   That there never was a cause of action in this case without the note, because the proof shows that nothing was paid at the time of public auction, no note or memorandum given, and none of the goods delivered at the time. There was therefore no sale, or no facts constituting a sale which would exempt the case from the operation of the seventeenth section of the Statute of Frauds.   1 *Benjamin on Sales, sec.* 125, *p.* 104, (*of Ed. of* 1888,) *and American authorities cited in Note* 4.

But aside from this defence, even had there been a contract made at public auction, which was binding at the time upon all parties, the record clearly shows that the parties met and entered into a new agreement, a new contract, by which new contract the old contract, if it ever existed, was extinguished.   See *Howard vs. Wilmington, &c. R. R. Co.*, 1 *Gill*, 311; *Hurlock vs. Smith, et al.*, 39 *Md.*, 436; *Allen vs. Sowerby*, 37 *Md.*, 411; *Utley vs. Donaldson*, 94 *U. S.*, 48; *Rayner vs. Wilson & Hunting*, 43 *Md.*, 440; *Smith vs. Chaney*, 4 *Md. Ch. Dec.*, 246.

*M. Bannon*, for the appellee.

IRVING J., delivered the opinion of the Court.

The appellee sued the appellants upon a promissory note for three hundred and fifty-four dollars and fifty cents, dated the first day of April, 1886.   The note was executed and delivered to Philip H. Watts, who brought suit thereon, and was afterwards legally declared to be a lunatic.

Michael Bannon was appointed his committee, and by leave of the Court, was made party plaintiff in the suit. To the *narr.* the appellants pleaded, among other things,

that the plaintiff is indebted to the defendants in an amount greater than the plaintiff's claim, which they are willing to set off against the plaintiff's claim; and the only question in the case arises on that plea. The plaintiff called the defendant, Darius Harman, as a witness, who testified that the note was actually signed five days after its date, and that the consideration therefor was 134½ cords of wood at $1.55 per cord, a lot of tobacco at $84.00, and a horse-cart for $5.00. He testifies that these articles were all bid off at a public sale, (made by M. Bannon, professing to act as agent of Philip H. Watts,) of which no memorandum was made; and at the time no money was paid, or any of the property delivered; that subsequently he saw Watts, who agreed that appellants should be permitted to convert all this wood into charcoal on his, Watts' land, whereupon the defendants signed the note; and he would not have signed it without such agreement; that subsequently he built two charcoal pits with the wood on Watts' land, and was then driven off and refused permission to coal the wood; and he was compelled to haul it off and sell it at great loss, he having already contracted for the sale of his coal at a considerable advance on the price per cord he paid for the wood. Other witnesses also testified that Watts told them of his agreements to let defendants coal his wood on his land, and proved the refusal afterwards to permit it, and testified as to the extent of the loss defendants had suffered.

Upon this state of facts the appellants asked the following instruction: "If the Court find from the evidence, that the note sued on was given for a lot of cord-wood and tobacco and a cart, purchased from Philip Watts; and shall further find that at the time of giving the note sued on, it was understood and agreed between the defendant, Darius Harman, and Philip Watts, that the said Harman should be allowed to convert into charcoal'

the wood so as aforesaid purchased, on the premises of said Watts; and shall further find that the said Harman was prevented by said Watts from converting said cord wood into charcoal, that then the 'defendant is entitled to off-set or recoup against the plaintiff's claim such sum as the Court may find the defendant, Darius Harman, lost by reason of such prevention."

The case was tried before the Court without the intervention of a jury, and the Court rejected this prayer, and found for the plaintiff for his whole claim. The plaintiff asked no instruction. The only question, therefore is, was this prayer properly rejected?

According to the plaintiff's own proof, the giving of the note for the wood, and the agreement that the wood might be made into coal on the payee's land, were part of the same transaction, and the agreement that the wood might be coaled on the payee's land, was the inducement to the appellants agreeing to pay the price for the wood which was stipulated for and to giving the note.

In *Warfield vs. Booth*, 33 *Md.*, 73, this Court said, that "the doctrine of recoupment has become the settled law of this State." So that the only inquiry in this case is, do the facts of the case make it applicable? In *Beall vs. Pearre*, 12 *Md.*, 550, it was held that in an action upon a promissory note for merchandise, the vendor might recoup or reduce the plaintiff's demand by proving damages growing out of a breach of warranty as to the quality and condition of the goods sold. In *Abbott vs. Gatch*, 13 *Md.*, 315, the Court allowed recoupment for damages sustained by the non-completion of the mill, (for the building of which suit was brought,) within the time agreed upon. In *Warfield vs. Booth*, 33 *Md.*, 73, the defendant in a suit for the purchase money of a doctor's good will and practice, was allowed to recoup for damages resulting from the resumption of practice by the plaintiff in violation of his contract.

Here the promissory note does not state the consideration for the agreement to pay the money it calls for. It does not set out the contract. It simply says "for value received" the promise is made. What that "value received" was the appellee (plaintiff below) to sustain his demand showed by his own proof. He proved it to be for tobacco, a cart, and a quantity of wood which wood the payee of the note agreed should be coaled, that is, made into charcoal on the land of the payee. It is the violation of that agreement for which the appellants ask allowance in the suit on the note. That contract was so directly connected with the subject-matter of the note and the price agreed to be paid for it, that if it was violated on the part of the payee, we can see no reason why the appellants should be put to a cross action to secure redress, and should be refused allowance for its violation in a suit for the purchase money of the wood. The case seems to fall directly within the class of cases where recoupment has been allowed. It is very similar to *Hill vs. Southwick*, 9 *R. I.*, 299, and 11 *Am. Rep.*, 250. In that case the note was given for $2500. The real consideration was not stated in the note but was for an agreement to assign and deliver by a particular time certain shares of stock. The stock assignment was not tendered until eight months after the time agreed on. Recoupment in damages for the non-fulfilment on the part of the plaintiff of his engagement was allowed in abatement of the note, as was done in *Warfield's Case*, 33 *Md.*, already cited. The case of *Wooldridge & Co. vs. Royer*, 69 *Md.*, 114, upon which appellee has so strongly relied bears no analogy to this. There recoupment was asked for an alleged guaranty of results from the article sold, in the negotiations for sale. When the contract was closed and the note was given, the *whole contract was set out, which in express terms stated there was no warranty given.* If any had been talked about in the negotiations

it was expressly waived when the note was given, and that was made a part of the note. There the question arose as a matter of evidence. Here there was no question of evidence, and there was abundant proof of the full consideration of the note, part of which was the agreement to allow the wood to be coaled on the plaintiff's land. We think the Circuit Court erred in rejecting appellants' prayer, and judgment must be reversed.

*Judgment reversed, and*
*new trial ordered.*

(Decided 17th December, 1889.)