Mr. Justice Hagner
after stating the case as above, delivered the opinion of the court:
The case has been argued here as if there were several exceptions before us, proper for our consideration, but the court is not at liberty to consume time in noticing most of them, because they are not properly presented. Those referring to alleged errors in the admission of the evidence of four of the defendant’s witnesses, disclosed no ground for the objection, the statement in the record simply being that to the admission of the evidence the plaintiff objected. It has been decided so often that an appellate court will not notice such an exception, that it is not necessary to consume any time in their consideration. Noonan vs. Caledonia Mining Co., 121 U. S., 400. Besides, we could not conclude that the verdict would have been different if the testimony of the four witnesses objected to had been excluded, as seven witnesses had already testified to the same effect, without objection.
The second series of exceptions was taken to the refusal of the court to take the case from the jury after the defendant had first declared she had closed, and again to a similar refusal after she had finally closed her evidence. The court having overruled these motions the plaintiff adduced other testimony, which it is well settled constituted a waiver of his exception to the overruling of his motions to take the case from the jury.
The next exception which was taken was to the charge of the court, and is in these words: “To which said charge, and to so much of the same as submitted to the jury the ques *374 tion of fraud, misrepresentation and cheating, the plaintiff excepted.”
It has been repeatedly decided that where .the charge contains any propositions which are correctly stated, a general exception specifying no particular errors will not be noticed on appeal. ' .
But waiving this objection, we come to the consideration of the very interesting question, which it is said the plaintiff intended to present, viz., whether in an action on a promissory note it is permissible for the defendant, with or without a special plea directed to the particular point, to recoup to a partial extent or to defeat the action to the entire extent of the note, for fraud in the obtention of the note, or in its consideration, where it is admitted that the party who-gave the note retained the goods and made no offer to return them.
This question was discussed in Groff vs. Hansel, 33 Md., 164, which was an action by the payee against the maker of a promissory note, to which the' only plea was non assumpsit. It appeared the defendant had purchased from the plaintiff a patent right, and agreed to give a certain amount for the right to use the invention within a circumscribed limit in the State of Maryland. He paid a part of the purchase money in cash, and gave two notes for the balance, and the note sued on was for the final payment. Proof was-offered on the part of the defendant tending to show that the sale was effected through false and fraudulent representation on the part of the vendor as to the qualities, capabilities and usefulness of the invention. The court vsaid: “ The legal proposition asserted in the two prayers of the plaintiff is that this defence cannot be set 'up in this action on the note because the defendant did not return or offer to return, or surrender or re-assign, the patent within a reasonable time after he knew or discovered that the article did not answer the representations made of it by the plaintiff, but still retains and holds the assignment of the same.”
As to the question whether there was a necessity for an *375 offer to return the goods and property, the court says:'“If the action is by the vendor for the price, the defects may be shown in reduction of the plaintiff’s damages where they are less than the price unpaid, or in bar when they are equal to or exceed such price. By proving fraud and damage, the vendee may reduce the demand where the injury is less than the price unpaid and where it is equal or greater may defeat the action altogether. This is authorized by law to prevent circuity of action. In all cases of fraud, the vendee, who alone has the right of disaffirmance, may remain silent and bring his action to recover damages for the fraud, or may rely on it by way of defence to the action of the vendor, although there has been a full acceptance by him with knowledge of the defects in the property. An affirmance of the contract by the vendee with such knowledge merely extinguishes his right to rescind the same. His other remedies remain unimpaired. The vendor can never complain that the vendee has not rescinded.”
Addressing itself to the second point, the court says: “A distinction is taken in some of the cases and in England still adhered to, between a suit upon the original contract of sale or for the agreed price, and a suit upon a note for the security taken for the contract price on such sale. But this distinction has also been repudiated and rejected by the best considered cases in this country, and it has been held that where the suit is between the original parties to a promissory note, the defence may be relied on.”
The court cites Harrington vs. Stratton, 22 Pickering, 510. There the court decided that in an action against the maker of a promissory note given for the price of a chattel, it was competent for the maker to prove in reduction of damages that the sale was effected by means of false representations of the value of the chattel on the part of the payee, although the chattel had not been returned or tendered. See also 2 Benjamin on Sales, ¶1267.
To the same effect is Withers vs. Green, 9 Howard, 230. There the action was on a single bill for $3,000. In Ala *376 bama, where the suit was brought, single bills stand on the same footing as promissory notes with' respect to pleadings. The defendant insisted he had been induced to give the single bill as the purchase money for a horse, the pedigree of which had been circumstantially stated by the seller, but which was proved to be untrue. Upon the question whether he had a right to retain the horse and claim a reduction of the original price, the court sustained his right to do so.
In Harman vs. Bannon, 71 Md., 429, where suit was brought on a promissory note given for a purchase of cord wood,_ the maker was allowed to recoup against the note the amount of his loss from failure of the vendor to allow the maker to convert the wood into charcoal on the vendor’s, land, as he had agreed might be done by the vendee when the wood was purchased. The proof showed there had been no return of the wood, which had been removed and coaled by the plaintiff ¡elsewhere, and there was no pretence there had been any offer to return it.
The next question is, was it necessary specially to plead the fraud, or give special notice of the defence to the plaintiff in advance of the trial? The contention of the plaintiff is that no special notice was given in advance of the defendant’s intention to rely on this defence, and that there existed at the time of the trial no special plea setting up the fraud, since the plea of set-off, whicli it is insisted was the only one that distinctly raised the question had been withdrawn before the case went to the jury. But this does not seem to be the uniform view taken by the cases, even where there is no question of fraud involved. In the case in 33d Md., 164, above referred to, there was no special plea and no notice. In 33d Md., 63 (Warfield vs. Booth), a country physician sold his good will and practice to another physician for a certain sum in cash, and received several notes for the residue of the purchase money, all of which, except the last, had been paid. Afterwards the vendor, in violation of his contract, came back and undertook to practise in the same locality again; and the vendee of the good will *377 brought an action for the breach of the contract. The only plea of the defendant noticed by the court was that the plaintiff had not complied with his part of the contract, because he had not paid the last note. The only question presented on appeal was whether the amount of the unpaid note could be recouped against the unliquidated damages which might be recovered for the violation of the contract, and the court sustained the right of recoupment under the plea referred to, and without any other plea or previous notice.
It is insisted the Supreme Court in Dermott vs. Jones, 23 Howard, 235, declared that recoupment could not be allowed unless the defendant had filed a definite claim with notice, sufficiently long before the trial to enable the plaintiff to meet the matter with proof. That decision was made nearly thirty-five years ago, when the defence of recoupment had then recently been introduced into' practice. Since that day it has become a very common defence and one greatly favored by the court to avoid circuity of action. Assuming this utterance correctly represents the opinion of that court at this time, upon the very state of the case there presented, it is enough to say it was not made in a case where the defence went to the total invalidity of a note or contract sued on, or where the defence was fraud against the causé of action itself.
The distinction is well taken in 8th Cowan, 31, in the case of Hills vs. Bannister, which was an action brought against a bell-founder who had made a bel-1 for the plaintiff. At the time of the delivery of the bell, the defendant agreed if the bell should crack within a certain time, he would, upon application, replace it with another. The vendor brought his action for the price of the bell, and the defendant, without plea or notice, interposed the defence that the bell had cracked, and that when he went to seek out the plaintiff to claim under his agreement and demand another bell, he was not to be found, having left the neighborhood; and that he had been unable to find the whereabouts of the plaintiff until the suit was brought. Upon the question whether this *378 defence could be maintained in the absence of a special plea or of notice, the court declared: “ Under the general issue in assumpsit, any matter which shows the plaintiff has no cause of. action may be given in evidence, 1st Chitty’s Pleadings, 472. In this case there was not a total failure of consideration, for the bell, although cracked, was of some value. It is not pretended that there was any fraud or deceit. Had there been, it would have been competent proof under the general issue. Sill vs. Rood, 15 Johnson, 230. And it seems that if the unsoundness of am a|rticle' may pn> duce a partial diminution of value,'it may be shown im mitigation of damages, provided there was a fraudulent representation.” The same distinction is held in Gleason vs. Clark, 9 Cowan, 59.
In the case at bar the defence offered evidence distinctly to prove fraud and deceit on the part of the plaintiff in attempting to sell property to an insane and drunken man for a grossly exorbitant price, and also deceit and fraud in almost every respect in which such a sale could exhibit those features; so that, according to the distinction taken, as the defence was fraud in «very feature' of the transaction, .and a total want of consideration, the authorities show it was not necessary either to plead the defence specially or to show a previous special notice before the trial began.
But if it had been necessary, we think the requirement was abundantly complied with in the case at bar. The second plea, more particularly, was a sufficient information to the plaintiff that fraud was to be relied on. The first plea alleged a total want of consideration, which comes within one of the categories spoken of in the casé in 8th Cowan; but the second plea was a circumstantial statement that this note was obtained by false and fraudulent misrepresentations concerning the alleged sale and the delivery of the notes. It is true the plea of set-off which the plaintiff admits was a sufficient charge of fraud, was withdrawn; but in its absence the remaining pleas were an ample notification that the plaintiff’s fraud was to be relied on to prevent a recovery, and this is demonstrated beyond doubt when we *379 examine the affidavit of the defendant attached to the pleas and applicable to all of them, and which sets forth the reasons why the several pleas thereto annexed, in the belief of the defendant, were true.
This affidavit thus made one year and four months before the trial came on, must of course have apprised the plaintiff that the defendant intended to rely upon the very matters which were afterwards offered in evidence; and it would be absurd to say that the plaintiff went to trial in ignorance that this particular defence would be interposed.
The grounds for a new trial are in the usual form. The first and second are that the verdict was contrary to the evidence, and that the verdict was against the weight of the evidence. But it appears upon the face of the record that it does not contain a complete statement of the evidence. On page 16 of the record this language is used: “And this, together with the evidence set out in the plaintiff’s first and second bills of exceptions, which are hereby made a part of this bill of exceptions, was all the evidence that was offered at the trial.”
It is insisted we must conclude from this statement that all the evidence is contained in the exceptions. But the authorities establish the rule that if the same paper which asserts the exception contains all the evidence, also shows there was other evidence offered which is not set forth, and which may have been very material, the appellate court will disregard such a general statement, and hold the entire testimony has not been presented. In Thames Loan and Trust Co; vs. Beville, 100 Indiana, 313, the court said: “It clearly appears by the bill of exceptions that it does not contain all the evidence rendered on the trial of the action, although it purports to do so. In the absence of the omitted evidence we cannot examine that which is in the record to determine its sufficiency to sustain the verdict.”
Again, in Shimer vs. University, 87 Ind., 218, and Johnson vs. (Wiley, 74 Ind., 233, it is held that where a bill of (exceptions affirmatively shows that it does not contain all the *380 evidence, this court will not consider any question which requires for its full understanding and correct decision, an examination of the entire evidence given on the trial, even though it contains the statement that “ this was all tire evidence given upon the trial of the cause.”
To the same effect is a later case in 110 Indiana, 147 (Garrison vs. the State).
There are three particulars in which it is manifest the fact is inconsistent with the general statement in the exceptions. On page 6 of the record there is the statement of evidence going to prove the insanity of Sheridan. It is also admitted by plaintiff’s counsel that there was testimony he was drunk or on a frolic about the time of the alleged sale, and there was evidence given by Dr. Marmion and another physician, to the effect that he was more than drunk, and was then really crazy. Whether he was non compos mentis or asleep and unconscious of what was going on while the inventory was being made is an important point. One of the witnesses for the defendant stated he was present all the time Sheridan was there, and that Sheridan was cursing and swearing and acting like a crazy man. Then follows this statement: “The witness produced an advertisement in the ‘ Star’ of the 22d of June, 1889, and it was read to the jury.” We may conjecture what was in that advertisement, but there is not one word in the record as to what it contains. And yet it was read before the jury, and may have had an important influence in controlling their judgment. Again, on page 7, Browning, a witness of the defendant, testifies over the objection of the plaintiff, that he examined Sheridan’s store and made memoranda of the prices; -and the book containing these memoranda was offered and admitted in evidence as tending to show that the prices as fixed by the inventory of plaintiff were grossly excessive. But that book is not before us, nor are its contents set forth m the record. It is highly proper and essential that we should have the same privilege the jury had, of examining these items of testimony, since we are to pass upon the reasonableness of their verdict.
*381 Again, on. page 8, it is stated the defendant offered in evidence an inventory taken by Browning, and referred to in his testimony. That inventory is not here. If it were important to show it to the jury, it is important to show it to this court.
But if we were to assume the record contained all the evidence, we could not reverse the finding of the jury in this case, for, allowing them the right to credit one set of witnesses rather than another, we see nothing to justify us in saying they were not fully authorized, under the conflict of evidence, to find as they did for the defendant.

The judgment below is therefore affirmed.