# THE JONES COLD STORE DOOR COMPANY *vs.* RICHARD JONES.

*Bill to Restrain Infringement of Patent—Federal Question—Contract in General Restraint of Trade.*

A State Court has not jurisdiction of a bill to restrain the defendant from manufacturing and selling articles covered by a patent which he has assigned to the plaintiff, since such a bill raises a question which relates directly to the infringement of a patent, and is exclusively within the jurisdiction of the Federal Courts.

Defendant sold and transferred to the plaintiff company his business and certain patents for a refrigerator door, frames and hinges, and by the same contract agreed not to patent or dispose of to any other corporation, any device or thing of the same kind for five years, but in case he should invent any change in the patents or devices in use, he would submit the same to the company for acceptance, and if not accepted by the company at a price to be agreed upon, he stipulated to withdraw the same and not to dispose of such patent or device or thing to any other person or corporation for five years. Plaintiff company's bill in this case alleged that the defendant offered to it for sale a new device for refrigerators called a self adjusting fastener and hinge; that plaintiff declined to purchase the same; that defendant did not withdraw the same but engaged in the manufacture and sale thereof. The bill alleged that this was in violation of the agreement by which the defendant had stipulated not to engage in the manufacture and sale of cold store doors and appliances of a kind similar to those made under the patent sold to the plaintiff. *Held*, that assuming that the contract prohibited the plaintiff from making or selling for a period of five years, devices similar to those covered by the patents, then the contract is invalid, because in general and unlimited restraint of trade.

*Decided June 25th, 1908.*

. Appeal from the Circuit Court for ,Washington County (KEEDY, J.)

*Lewis D. Syester*, for the appellant.

*Palmer Tennant* and *C. A. Little*, for the appellee.

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE and WORTHINGTON, JJ.

BRISCOE, J., delivered the opinion of the Court.

This appeal is from a decree of the Circuit Court for Washington County, dissolving a preliminary injunction and dismissing the bill of complaint.

The object of the proceeding was to restrain the appellee from patenting and disposing of certain devices and articles, in the line of the cold store business and from manufacturing, selling or disposing of any cold store doors, or any of the appurtenances or other equipments in connection with the cold store door business, contrary to and in alleged violation of the terms of an agreement set out in the bill of complaint, dated the 27th day of February, 1906.

. The facts of the case appear from the record to be, that the appellee and one W. F. Elgin, were partners, in the manufacture of cold store doors, and appurtenances, and other equipments in connection with the cold store business. This partnership continued until the 27th of February, 1906, when it was dissolved and a corporation, under the name of The Jones Cold Store Door Company of Washington County was formed by Jones, Elgin and other persons. And in consideration of twenty-five hundred dollars, of the capital stock of the corporation paid to each, Jones and Elgin conveyed, transferred and assigned to the corporation all of the property, business, effects, rights and things belonging to the partnership.

This controversy arises, and the questions involved, are

based upon the following provisions of the contract dated the
27th of February, 1906, between the appellee, Jones, and W.
F. Elgin, one of the directors of the appellant company.  "I,
the said R. E. Jones, in consideration of the sum of twenty-
five hundred dollars in stock of the new corporation aforesaid,
do hereby agree and consent to set apart, turn over, surrender
and give unto the said new corporation, "The Jones Cold
Store Door Company," all my right, title, interest and every
claim I have for services and in any and every manner, to the
stock, good will, equipment, fixtures, bills receivable and
money on hand belonging to the former partnership; and, fur-
ther, I do assign and turn over to the said corporation all my
patents granted, applied for or pending, relating to the pur-
poses aforesaid.

"And I do hereby authorize and direct the Commissioner
of Patents of the United States to enter upon the books
thereof the assignment of all my rights, title and interest in
and to all patents granted and applied for by me to The Jones
Cold Store Door Company of Washington County.

"And I do expressly agree that I will not patent and dis-
pose of to any other corporation, concern or company any
device, thing, article or part thereof, in the line of the business
hereinbefore referred to for a period of five years from the
date thereof, but in the event of such a change conceived of
or invented by the said Jones of any of the patents or devices
in use, then the said Jones agrees to submit the same to the
said company or corporation for their adoption, approval or
acceptance, and if the same shall not be accepted, and a price
therefor not be agreed upon the same shall be withdrawn by
the said Jones, who hereby expressly agrees that he will not
dispose of, transfer or assign to any other person, corporation
or company any such patent, device or thing for the period
above set forth, to wit, five years:"

The record shows that in accordance with the terms of the
agreement, the appellee, Jones, on or about the 2nd day of
March, 1906, assigned and transferred in writing to the appel-
lant corporation, his right, title and interest to a patent, and

patent right, for "refrigerator door fasteners" and also his right to a certain invention known as a "refrigerator door hinge" for which letters patents had been applied for. These two assignments and transfers were duly entered for record in the Patent Office of the United States and recorded among the "Transfers of Patents."

The appellee thus agreed that he would not patent and dispose of any device, thing, article, or part thereof, in the line of business to be carried on with the patents assigned, for the period of five years. And further, he agreed in the event of such a change conceived of or invented of any of the patents or devices in use, to submit the same to the corporation for their adoption, approval or acceptance, and if the same should not be accepted, upon a price to be agreed upon, the same should be withdrawn by him. And he further expressly agreed that he would not dispose of, transfer or assign any such patent, device or thing so withdrawn, for the space of five years, from the date of the contract.

The appellee remained a member of the corporation, as one of its principal officers, until the 17th of April, 1907, when he sold and transferred all of his stock and severed his connection with the business.

By the seventh paragraph of the bill, it is averred that notwithstanding the sale, assignment of the letters patent and of the application for letters patent and in violation of the written agreement, the defendant is now engaged in the manufacture and sale of cold store doors with their appurtenance and equipment, and that he was using in the construction and manufacture of these doors the very device and plans which he had sold, assigned and transferred to the corporation, and which the plaintiff corporation is now using in their business.

By the eighth paragraph of the bill it is alleged that the said defendant on or about the fifteenth day of October, 1907, in pursuance of the terms of the said agreement, notified the plaintiff by letter, that he would have for their inspection a "self-tightening fastener and self-adjusting hinge," and calling upon the plaintiff to purchase the right to manufacture and

sell said devices, but the said plaintiff did not desire and does not now desire to acquire the said devices as offered, but the defendant, in violation of the terms of the said agreement did not withdraw the said devices, but is engaged in the manufacture and sale of the same.

By the tenth paragraph it is further averred that it is the manifest intention and purpose of the defendant, in violation of the terms and spirit of the said agreement, to engage in the manufacture and sale of cold store doors and appurtenances and of other equipment in connection therewith, similar in kind and character with that sold, transferred and assigned to the plaintiff.

The defendant in his answer to the seventh paragraph, denies that he has used any of the patents or patent rights, assigned and transferred to the plaintiff, as set forth in the article of agreement. And in his answer to the eighth paragraph, he avers that the self-tightening fastener and self-adjusting hinge as now manufactured and sold by him, which was submitted to the plaintiff, is an entirely different fastener and hinge, from that patented, sold and transferred by the defendant to the plaintiff.

The fundamental question, then raised by the pleadings, and one of the grounds upon which the intervention of the Court is sought by injunction, is the infringement upon the rights of the plaintiff as the assignee and owner of the patent rights, assigned by the defendant. The case, therefore, being one directly involving the infringement of patent rights under the patent laws, the Federal and not the State Courts, would have jurisdiction to grant the relief under the prayer of the bill.

The rule is well settled that the State Courts may determine what the contract is and in whom the patent is vested, but it has no right to say that a party shall be enjoined from using the patent in dispute or in any way pass upon any question arising as to its infringement. *Continental Store Service Co.* v. *Clarke*, 100 N. Y. 365; *Pratt* v. *Paris Gaslight Co.*, 168 U. S. 255.

In this case, one of the allegations of the bill, is that the defendant is using the devices covered by the patents, and the defendant is infringing upon its rights secured by the patents. It is not then a case where the question of patent rights is only collaterally involved, but where the question is directly presented, as to the infringement of the patents held by the plaintiff. This question is manifestly beyond the jurisdiction of this Court and can be determined in a Federal Court.

Having reached the conclusion, that this Court has no jurisdiction to determine the issue raised under the 6th, 7th, 8th and 10th paragraphs of the bill, we come to the second question in the case, as raised by the 4th and 5th paragraphs of the bill, involving the true construction of the agreement, and what the contract is.

By the first clause of the contract in dispute the defendant assigned and transferred to the corporation all his patents granted, applied for or pending, relating to the purposes of the business, and the assignments were duly made to the company. Manifestly then he could not afterwards use the patents or manufacture articles under them, because such use would be an infringement on the original patents, and in direct violation of the patent laws of the United States which provides, that every patent shall grant to the patentee, his heirs or assigns the exclusive right to make, use and vend the invention and discovery. But even if the allegations of the bill were sustained in this respect, it would be a case arising under the patent laws, and as we have seen, the State Courts would have no jurisdiction to grant relief.

The second clause of the agreement we think, refers to not patenting and disposing of some new or changed articles. The language of the clause, is "that I do expressly agree I will not patent and dispose of any device, &c., or part thereof in the line of the business, to be conducted with the patents assigned. It does not refer to articles made under the original patents, but those made under some new patents, because it further provides that in the event of such a change of any patents or devices in use, (meaning a change conceived of or

invented, by a new patent), then he agrees to submit the same, (that is the changed patent, or device), and if the same, (meaning the new patents and articles under them), if not accepted and a price not agreed on, the same shall be withdrawn, and that he will not dispose of, transfer or assign to any other person any such patent, device or thing, (meaning a new patent or article under it.)

Now, there is no averment in the bill or proof in the record, that the defendant is attempting to patent or dispose of some new or changed article in violation of this clause of the agreement. On the contrary, the defendant avers in his answer, that he has not patented and disposed of, any device, thing, article or part thereof in the line of the business referred to, and this averment appears to be supported by the testimony.

But assuming, the construction of the contract urged by the appellants, is correct, we are of opinion, that the contract is void and invalid and cannot be enforced, because it is in general restraint of trade, unreasonable and against public policy. *Guerand* v. *Dandelet*, 32 Md. 561; *Warfield* v. *Booth*, 33 Md. 63; *Lufkin Rule Company* v. *Fringeli*, 41 L. R. A. 185; 57 Ohio St. 596; *A. & E. Enc. of Law*, 2 ed., vol. 24, p. 849.
There was no ground, whatever, in the allegations of the bill or on the record, to warrant the relief sought in this case, by way of injunction, so without prolonging this opinion, by discussing the other questions raised in the briefs, we shall affirm the decree appealed from dissolving the preliminary injunction and dismissing the bill.

> *Decree affirmed and bill dismissed, with costs to the appellee.*

WORTHINGTON, J., dissented.