R. CLEMENT GRIFFIN *v.* HARRY GUY

[No. 22, April Term, 1937.]

*Decided May 25th, 1937.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, SHEHAN, and JOHNSON, JJ.

*F. DeSales Mudd,* for the appellant.

*Rudolph A. Carrico,* for the appellee.

SHEHAN, J., delivered the opinion of the Court.

This is an appeal from a decree of the Circuit Court for Charles County, dissolving a preliminary injunction restraining Harry Guy, the appellee, from engaging in the barbering business within the corporate limits of the town of La Plata, because of an alleged violation of

an agreement between him and R. Clement Griffin, the appellant.

These parties had for some time been engaged in separate barbering businesses in the Town of La Plata. On the 30th day of March, 1936, they entered into an agreement, in which, after reciting facts relating to the occupation of the parties, their respective businesses, and their desire to combine their efforts, Harry Guy agreed, upon the payment of $30 to Frank Vacchiano by the appellant, to remove from the barber shop upon the premises of Vacchiano and engage in the barbering business for three months in the shop conducted by the appellant, which business was to be controlled by Griffin. Harry Guy was to receive sixty per cent. of his earnings as a barber, and Griffin was to receive forty per cent., and Griffin agreed to pay all of the expenses incident to the conduct of the said business. There were arrears in rent by Guy amounting to some thirty dollars, and it is alleged that his property had been distrained. This was denied, but, nevertheless, it is beyond dispute that Guy was in financial difficulties with respect to his rent, because the appellant agreed to advance or pay Guy's landlord the above sum and, in consideration thereof, and the employment or business arrangement above indicated, Guy made the following agreement as a part of the said contract: "It is further agreed that the barbering equipment of the said Harry Guy shall, during the term of this agreement, be stored in the establishment of the said R. Clement Griffin and to be released by the said R. Clement Griffin to the said Harry Guy upon the expiration of the terms of this Agreement only upon the payment by the said Harry Guy to the said R. Clement Griffin of the sum of Thirty ($30.00) Dollars advanced the said Harry Guy, and paid the said Frank Vacchiano as hereinbefore referred to, and upon the further condition that the said Harry Guy shall not hereafter use said equipment in any barbering business engaged in by him anywhere within the corporate limits of the town of La Plata; the said Harry Guy hereby agreeing that

he will not at any time hereafter conduct or engage in any barbering business in the said town of La Plata other than under the control and management of the said R. Clement Griffin." There was an additional stipulation in the contract for the continuation of the barbering enterprise, after the ending of the three months' period, upon such terms and conditions as may be mutually agreeable to the parties.

Under the terms of this agreement, the appellee moved into the shop of the appellant and took up his trade. After the expiration of the three months' period provided in the contract, he continued there until the 24th of December, when that employment ceased. He then paid to Griffin the thirty dollars that had been advanced, took possession of his equipment, and resumed his occupation at his former place of business. The appellant notified him to cease operations and demanded compliance with the terms of the contract. Guy having refused to do so, appellant filed his bill in equity, reciting the facts above stated, and further alleged that he had performed all of the requirements of said agreement on his part to be performed, and that the appellant was suffering irreparable loss and damage to his business, which was not susceptible of adequate compensation in the ordinary course of law.

The court, on the 7th day of January, 1937, ordered a writ of injunction to be issued, as prayed in the bill, with liberty to the defendant to move for the rescinding of the order and for a dissolution of the injunction at any time after filing his answer to the bill on giving the plaintiff five days notice of such motion. On the 14th day of January a combination answer and demurrer was filed, and on the 18th of January, 1937, a motion to dissolve the injunction was filed. On this state of the record a hearing was had, and the court ordered and decreed that the injunction be dissolved, with costs to the defendant, and, from this decree, this appeal is taken.

The facts alleged in the bill for the purpose of the demurrer are to be taken as true. The construction of

the above contract is here presented. It is obvious that this agreement is in restraint of trade, and the rules applicable to such contracts must be applied in the construction of it. In the case of *Guerand v. Dandelet*, 32 Md. 561, 565, Judge Alvey has laid down the general rules governing such contracts, and this case has been cited with approval since that time down to and including the case of *Tolman Laundry, Inc., v. Walker*, 171 Md. 7, 187 A. 836. In that case, Judge Parke cited, with approval, and restated, with elaborations, the principles there laid down, and has collected the cases in Maryland and the leading cases elsewhere bearing upon this subject. The general rules concerning limitations as to time and space, the relation of the contracting parties, the nature of the employment or occupation, the extent to which restraints may be imposed, are there considered, and it is stated that: "The principle is firmly established that contracts only in partial restraint of any particular trade or employment, if founded upon a sufficient consideration, are valid and enforceable, if the restraint be confined within limits which are no larger and wider than the protection of the party with whom the contract is made may reasonably require. *Guerand v. Dandelet*, 32 Md. 561, 565-569; *Warfield v. Booth*, 33 Md. 63, 69, 70; *Brown v. Benzinger*, 118 Md. 29, 37, 38, 84 A. 79; *Kaliopulus v. Lumm*, 155 Md. 30, 36, 141 A. 440. Compare *Jones Cold Store Door Co. v. Jones*, 108 Md. 439, 445, 70 A. 88; *Rosenstein v. Zentz*, 118 Md. 564, 85 A. 675."

It is established that contracts in restraint of trade may be without limit as to time, but they must be reasonable in their limitations as to place. As was said in *Guerand v. Dandelet, supra*, 32 Md. 561, at page 566: "If the restraint therefore be general, and not confined to any particular locality, the shortness of the time for which it is imposed will not make it good. * * * But if it be reasonable as to locality, the fact that it is indefinite as to its duration will not affect its validity." If one imposes upon himself by contract a reasonable restraint

as to the place wherein he may conduct his trade and receive therefor a consideration, he must abide by his contract, and cannot complain of its results.

The principal questions for consideration are: First, the sufficiency of the consideration named in the contract; and, second the reasonableness of the limitation as to place. La Plata is a small town, conceded to have a population of between three and four hundred persons. The limitation in this case only applies to that town within its corporate limits. Such a limitation is reasonable and so complies with the definition as to space. At the time the contract was made, Guy does not seem to have been able to make a success in his business. It is conceivable that the trade in a place of this size affords small returns, and the limitations set in the contract are certainly no larger or wider than the protection of the party with whom the contract was made reasonably requires.

The review of the cases and textbooks cited in *Tolman Laundry v. Walker, supra,* will afford many illustrations of the restrictions that may be made and the character of those that may not be, but none of them will tend to disapprove a restriction so limited as the one provided in the contract in this case.

The question of the sufficiency of consideration presents little difficulty. The appellant afforded to the appellee the means of extricating himself from the financial position in which he was placed. The tools of his trade and equipment had been rescued, and a stipulated sum of money had been paid for him at his request for that purpose. He had been afforded an employment, according to the definite terms of the agreement, of three months, and, under some arrangement which is not clearly stated, employment had been given to him for several months thereafter, when it seems he discontinued the employment, reclaimed his equipment, and established himself in the same place and in the same business and with the same equipment, all of which he had covenanted not to do. These facts doubtlessly establish a sufficient

consideration to satisfy the law and also a breach of his contract. "The principle is firmly established that contracts only in partial restraint of any particular trade or employment, if founded upon a sufficient consideration, are valid and enforceable." *Tolman Laundry v. Walker, supra.* And again it has been stated that it is sufficient if the contract shows on its face a legal and valuable consideration. It cannot be denied that employment or advance of money constitutes a consideration that is valuable. It is the general rule that a valuable and not a sufficient consideration is all that is required, unless the disparity between what is given and what is received is such as to indicate fraud.

As stated in *Guerand v. Dandelet, supra*: "Whether the consideration for the restraint is adequate or not, is a question that the court will not inquire into. It is sufficient that the contract shows on its face a legal and valuable consideration; but whether adequate or inadequate to the restraint imposed, must be determined by the parties themselves, upon their own view of all the circumstances attending the particular transaction. If it were otherwise, it would be the court and not the parties, that would make the contract. All that the court is required to do, in passing upon the validity of the covenant, is to determine whether the restraint is reasonable and consistent with law, and whether there be a legal consideration to support it." *Goodwin v. White,* 59 Md. 503; *Lawson v. Mullinix,* 104 Md. 156, 64 A. 938; *Shriver v. Druid Realty Co.,* 149 Md. 385, 131 A. 815.

This case clearly falls within the principles laid down in *Tolman Laundry v. Walker, supra,* and the numerous cases there cited, and consequently the injunction should not have been dissolved, and in doing so the court erred, and the decree must be reversed.

> *Decree reversed, with costs to appellant, and case remanded for the passage of a decree in conformity with this opinion.*