## FELIX v. SCHARNWEBER.

ERROR TO THE SUPREME COURT OF THE STATE OF ILLINOIS.

No. 1255. Submitted January 16, 1888. — Decided March 19, 1888.

At the time of an action in a State court upon an agreement to pay royalties for making and selling a patented machine, evidence that the plaintiff afterwards made improvements in the machine, and that machines made and sold by the defendant upon a later model furnished by a third person were substantially like that mentioned in the agreement, was admitted, notwithstanding the defendant objected to it as going to show that the plaintiff invented the new machine, and as collaterally attacking a patent to the third person. No patent had then been introduced; and no ruling was requested or made upon the validity or construction of any patent, or upon the legal effect of the evidence. The jury were instructed that the plaintiff was entitled to recover royalties only upon machines substantially like that mentioned in the agreement. A verdict was returned for the plaintiff, and judgment rendered thereon, which was affirmed by the highest court of the State. *Held*, that the record presented no federal question within the jurisdiction of this court on writ of error.

A federal question, within the jurisdiction of this court on writ of error to the highest court of a State, cannot be originated by a certificate of the chief justice of that court, if no such question appears by the record to have been involved in the judgment.

THIS was an action of assumpsit, brought in the Circuit Court of Cook County in the State of Illinois by Scharnweber against Felix to recover royalties under the following contract signed by both parties:

"Memorandum of agreement between Benjamin F. Felix and William Scharnweber, both of the city of Chicago, made this 12th day of February, 1878, witnesseth: That whereas the said Benjamin F. Felix and William Scharnweber are joint proprietors of a certain patent for an improved rope reel, and it is mutually decided between them that the interests of both are best subserved by one of them having exclusive control of the manufacture and sale of said reel: It is hereby agreed that the said Benjamin F. Felix shall make such arrangements as may appear most desirable to him for their manufacture, and supervise and direct solely their sale. On each and every rope reel sold, the said William Scharnweber is to receive a royalty of one dollar, to be paid to him on the last business day of each and every month. The said William Scharnweber agrees not to manufacture any rope reels whatever, or cause them to be manufactured, but can make sales and report the same to Benjamin F. Felix, or Felix, Marston & Blair, who will deliver and collect for the same."

The defendant pleaded non assumpsit, with notice that he would prove a failure of consideration by the plaintiff's manufacturing rope reels and selling them to third persons.

At the trial, the plaintiff offered evidence that at first the reels made under the contract worked satisfactorily, but afterwards the defendant complained to him that they had too many coils and needed larger rolls; that thereupon, in January, 1879, he made and showed to the defendant a model of a reel with little pieces of cast iron on the wooden roller, so as to form a screw to hold the flanges; and that reels subsequently sold by the defendant, made from a later model furnished by one Mason, were of the same construction, except in

being wholly of iron, and that there was no difference in principle between them. The defendant objected to the admission of this evidence, as going to show that the plaintiff invented the new style of reel, and as collaterally attacking another patent. The court admitted the evidence, and the defendant excepted to its admission.

The defendant afterwards offered in evidence a patent issued to Mason on June 10, 1879, for the iron reel, "for the purpose of showing, or tending to show, that this reel was not the same reel as that patented on January 29, 1878, and referred to in the contract." The plaintiff objected to its admission, on the ground that it had nothing whatever to do with this suit on the contract. But the court admitted it.

The defendant also put in evidence the patent of January 29, 1878, to Felix and Scharnweber; as well as evidence tending to show that the old style of reel did not work well, and was unsatisfactory to purchasers; and called Mason as a witness, who testified that he invented the reel described in his patent.

It was admitted on both sides that the defendant had made and sold 335 of what he called the old style or original style of rope reels, on which he had paid the plaintiff a royalty of one dollar each, and 2164 of what the defendant called the new style, on which no royalty had been paid.

The court instructed the jury that if they should find from the evidence that the plaintiff and defendant executed the contract sued on, and that the defendant thereafter sold rope reels such as or substantially like the rope reel mentioned in the contract, the plaintiff was entitled to recover under the contract for all such rope reels sold by the defendant, if any.

The defendant excepted to this instruction, and requested the court to instruct the jury as follows:

"This is an action on a contract for royalty claimed upon the sale of certain rope reels invented by the plaintiff and sold by defendant or his firm. Under this contract, as alleged in the declaration, the defendant is liable only for royalty unpaid, if any, on such reels sold by him or his said firm as are contemplated or covered by the terms of the contract. He is not

liable in this suit for royalty on any other [and] different reels, whether invented by him, by the ·plaintiff, or any one else."

The court at first refused to give this instruction; and the defendant excepted to the refusal. The court then modified the instruction requested, by inserting the word "and," as above printed in brackets, and gave the instruction so modified. The bill of exceptions contained these further statements:

"To which action of the court in modifying said instruction the defendant duly excepted.

"Thereupon the court further charged the jury for the defendant as follows: Therefore, unless you find from the evidence that the defendant owes to the plaintiff· royalty upon a sale of the original Scharnweber reels made substantially as these reels were made at the date of the contract between the parties, then your verdict should be for the defendant.

"No other instructions were given to the jury by the court."

The jury returned a verdict for the plaintiff in the sum of $2255. The defendant moved for a new trial; but, upon the plaintiff's remitting the sum of $91 from the verdict, the court overruled the motion. The defendant excepted to this ruling, and judgment was rendered upon the verdict.

The defendant appealed to the Appellate Court for the First District of Illinois, assigning for error the admission of incompetent evidence for the plaintiff, and the charge to the jury. The Appellate Court affirmed the judgment.

The defendant then appealed to the Supreme Court of Illinois, which affirmed the judgment of the Appellate Court, and in the opinion filed with its clerk held, that the charge of the court to the jury was as full and favorable to the defendant as the law would warrant, inasmuch as it confined the issue to the number of reels sold under the contract, and the question of fact how many machines were sold by the defendant under the contract was conclusively settled by the findings of the lower courts; and that in the admission of the testimony objected to by the defendant there was no error, certainly none that could affect the merits of the case under the instructions given to the jury. 119 Illinois, 445.

A writ of error was allowed by the acting Chief Justice of the Supreme Court of Illinois, upon the petition of the defendant, representing that in said case in that court the defendant set up and relied on the patent granted by the United States to Mason on June 10, 1879, the validity of that patent was assailed, and the decision was against the rights and privileges set up by the defendant under it; and also that in said proceedings he alleged that the jurisdiction to try the questions so involved was exclusively in the courts of the United States, and the decision of the court was against him. The plaintiff moved to dismiss the writ of error for want of jurisdiction.

*Mr. Henry Decker* for the motion.

*Mr. Preston C. Cook* and *Mr. John A. Jameson* opposing.

MR. JUSTICE GRAY, after stating the case as above reported, delivered the opinion of the court.

This record does not present any federal question. No such question is stated in the pleadings, involved in the rulings at the trial or in the final judgment, or mentioned in the opinion of the Supreme Court of Illinois.

The action was brought upon a contract in writing between the parties, being the joint owners of a patent for an improved rope reel, by which it was agreed that the defendant should have the exclusive control of the manufacture and sale of the reel, paying to the plaintiff a certain royalty on each reel sold. This was not a case arising under the patent laws of the United States, within the exclusive jurisdiction of the federal courts; *Dale Tile Manufacturing Co.* v. *Hyatt, ante,* 46; and no suggestion that it was appears by the record to have been made in either of the courts of the State.

The only exceptions taken by the defendant at the trial were to the admission of evidence offered by the plaintiff, and to the instructions given by the court to the jury.

But that evidence does not appear to have been admitted for any other purpose than to show that the reels made and

sold by the defendant were substantially like those mentioned in the agreement sued on. At the time of its admission, no letters patent were in the case. The question at issue was not of priority of invention, or of the validity or construction of any patent, but simply whether the reels made and sold by the defendant were such as, or substantially like, those mentioned in his contract with the plaintiff; and in the instructions to the jury the plaintiff's right of recovery was carefully limited to such reels. The patent to Mason was introduced in evidence afterwards, and by the defendant himself, against the plaintiff's objection; and no ruling upon the validity or the construction of either patent, or upon the legal effect of the evidence, was requested by the defendant, or made by the court.

The petition, upon which the writ of error was allowed by the acting Chief Justice of the Supreme Court of Illinois, does indeed represent that the patent to Mason was set up by the defendant and its validity assailed, and that the defendant also alleged that the jurisdiction to try the questions involved was exclusively in the courts of the United States, and that the decision of the State court was against him on both these points.

But in allowing a writ of error from this court to the highest court of a State, and in issuing a citation, the Chief Justice of that court does but exercise an authority vested by Congress in him concurrently with each of the Justices of this court. Rev. Stat. § 999; *Gleason* v. *Florida*, 9 Wall. 779; *Bartemeyer* v. *Iowa*, 14 Wall. 26. When counsel applying for the allowance of the writ of error insist that a federal question has been decided against the plaintiff in error, the Chief Justice of the State court may feel bound to allow the writ, for the purpose of submitting to the final determination of this court whether such a question was necessarily involved in the judgment sought to be reviewed. But his certificate that such a question arose and was decided against the plaintiff in error cannot supply the want of all evidence to that effect in the record. As has been more than once observed by this court, "the office of the certificate, as it respects the

federal question, is to make more certain and specific what is too general and indefinite in the record, but is incompetent to originate the question." *Parmelee* v. *Lawrence*, 11 Wall. 36, 39; *Brown* v. *Atwell*, 92 U. S. 327, 330. See, also, *Adams County* v. *Burlington & Missouri Railroad*, 112 U. S. 123, 129.

*Writ of error dismissed for want of jurisdiction.*