## ST. PAUL PLOUGH WORKS *v.* STARLING.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF MINNESOTA.

No. 1367. Submitted May 4, 1888. — Decided May 14, 1888.

An action in the Circuit Court by a patentee for breach of an agreement of a licensee to make and sell the patented article and to pay royalties, in which the validity and the infringement of the patent are controverted, is a "case touching patent rights," of which this court has appellate jurisdiction, under § 699 of the Revised Statutes, without regard to the sum or value in dispute.

MOTION to dismiss for want of jurisdiction. The case is stated in the opinion.

*Mr. Charles S. Careins* and *Mr. D. S. Frackelton* for the motion.

*Mr. John B. Sanborn* and *Mr. W. H. Sanborn*, opposing.

MR. JUSTICE GRAY delivered the opinion of the court.

The original action was brought in the Circuit Court of the United States for the District of Minnesota by a citizen of Nebraska against a corporation of Minnesota, for breach of an agreement in writing, dated December 17, 1877, by which the plaintiff granted to the defendant the right to make and sell within a defined territory a certain kind of plough, under letters patent granted August 18, 1874, to the plaintiff for an

improvement in ploughs, (of which he alleged in his complaint that he was the first and original inventor,) and the defendant agreed to make such ploughs in a good and workmanlike manner, and to advertise and sell them at a price not exceeding the price of similar implements sold by other manufacturers, and to render accounts semiannually and pay the plaintiff a royalty of $2.50 for each plough sold.

The defendant, in its answer, admitted the agreement sued on, but denied any breach; denied that the plaintiff was the original and first inventor of any improvement in ploughs, and averred that his alleged improvement had been described in six earlier patents specified; admitted that the defendant had made and sold ploughs according to the method described in letters patent granted March 9, 1880, to one Berthiaume, and averred that those ploughs were constructed upon an entirely different principle from the plaintiff's. The plaintiff filed a general replication, denying the allegations of the answer.

A jury trial having been duly waived in writing, the case was tried by the court, which, upon facts set forth in detail, found that the defendant had made 960 ploughs under the Berthiaume patent, and 350 other ploughs; that all those ploughs infringed the plaintiff's patent, and that the plaintiff's invention was not anticipated by either of the six other patents set up in the answer; and concluded that the plaintiff was entitled to a royalty of $2.50 on each plough sold by the defendant, amounting to $3275; overruled a motion for a new trial, and gave judgment for the plaintiff accordingly. 29 Fed. Rep. 790; 32 Fed. Rep. 290.

The defendant sued out this writ of error, which the original plaintiff now moves to dismiss for want of jurisdiction, because the judgment below was for less than $5000.

The decision of this motion depends upon § 699 of the Revised Statutes, by which a writ of error or appeal may be allowed from any final judgment or decree of the Circuit Court, without regard to the sum or value in dispute, "in any case touching patent rights." This section substantially reënacts the corresponding provision of the patent act of 1870, in

·which the words were "in any action, suit, controversy or case, at law or in equity, touching patent rights." Act of July 8, 1870, c. 230, § 56, 16 Stat. 207. The language applied to this subject in the patent act of 1836, under which the cases of *Wilson* v. *Sandford*, 10 How. 99, and *Brown* v. *Shannon*, 20 How. 55, were decided, was that used in that act in defining the jurisdiction of the Circuit Court in patent cases, namely, "actions, suits, controversies and cases, arising under any law of the United States, granting or confirming to inventors the exclusive rights to their inventions or discoveries." Act of July 4, 1836, c. 357, § 17, 5 Stat. 124. Similar words were used in the patent act of 1861 in defining the jurisdiction of this court. Act of February 18, 1861, c. 37, 12 Stat. 130. But in the act of 1870, as in the Revised Statutes, Congress, while using similar language in defining the jurisdiction of the Circuit Court, substituted, (it must be supposed, purposely,) the new phrase, "touching patent rights," in defining the jurisdiction of this court.

The present case was an action upon a contract by which the plaintiff licensed the defendant to make and sell a patented article, and not a suit for infringing the plaintiff's patent. But the questions whether that patent was valid, and whether it had been infringed, were put in issue by the pleadings and decided by the Circuit Court. Whether, within the meaning of other statutes, and in the light of previous decisions, this case should be considered as "arising under" the patent laws of the United States, is a question not before us. See *Dale Tile Manufacturing Co.* v. *Hyatt*, 125 U. S. 46, and cases there cited. It is sufficient for the decision· of this motion, that we have no doubt that a case in which the validity and the infringement of a patent are controverted is a "case touching patent rights," and therefore within the appellate jurisdiction of this court, under § 699 of the Revised Statutes, without regard to the sum or value in dispute.

*Motion to dismiss for want of jurisdiction denied.*