### CLIFFORD v. CAPELL.

(Circuit Court of Appeals, Third Circuit. November 10, 1908.)

#### No. 8.

PATENTS (§ 218*)—LICENSES—LIABILITY FOR ROYALTIES.

In an action by a patentee on a license contract to recover royalties, the plaintiff is entitled to recover royalties on articles made and sold by defendant, shown to be substantially those of the patent, although not purporting to have been made thereunder, and claimed by defendant not to be covered thereby.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 330–334; Dec. Dig. § 218.*]

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

Paul H. Gaither, and Charles E. Whitten, for plaintiff in error.
John O. Petty and R. B. Petty, for defendant in error.

Before GRAY and BUFFINGTON, Circuit Judges, and ARCHBALD, District Judge.

BUFFINGTON, Circuit Judge. In the court below George M. Capell, the patentee of a device for ventilating coal mines, brought suit against William Clifford to recover the amount alleged to be due upon a written agreement whereby Clifford covenanted to make and sell fans of the patented device, keep accounts of the fans sold, and pay for each such fan a stipulated sum. Clifford was to have the exclusive agency to sell such fans, and was not to "sell, deal in, make, or cause to be made, or be otherwise financially or professionally interested in, any ventilator or fan used for any purpose to which the Capell fan may be applied." By the contract Clifford also agreed to "keep or cause to be kept by himself and sublicenses regular accounts of all sales of fans in proper books at his own place of business, such accounts to contain full particulars, with names and addresses of buyers,"

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

etc. He kept such book, and the verdict in this case covered no fan which was not so entered in his royalty book. Substantially all of the fans, hereafter styled "Clifford fans," and which constituted $4,291 of the verdict of $10,548.74, were entered in the royalty book and were furnished on contracts which called for Capell fans. When asked on the trial why he had entered these Clifford fans in the Capell royalty book, Clifford replied: "I supposed I would have to pay royalty on them." A verdict in double form was taken, the general verdict being "that the defendant is indebted to the plaintiff for royalties as claimed from June 9, 1905, to March 30, 1907, and $380, making a total of $10,548.74, without interest, subject to the opinion of the court as to some of the fans being Clifford fans," and attached to such verdict was a finding agreed on by counsel, viz.:

"We find that the defendant is indebted to the plaintiff on account of royalties as follows: Royalties from June 9, 1905, to March 30, 1907, with interest to this date, $10,548.74, of which amount $4,291 is for royalties on fans designated by the defendant Clifford fans. * * * The amounts of royalties on said Clifford fans to be deducted from the said sum of $10,548.74, if the court be of opinion that the defendant is not liable in this action under the contract on fans other than fans admitted to be Capell fans."

Subsequently the defendant's counsel moved the court:

"That the said sum of $4,291 be deducted from the verdict of $10,548.74, found by the jury in accordance with the special construction of the said contract, so that the verdict shall be for the sum of $6.257.74; that being the amount of royalty upon fans manufactured under the Capell patent."

Exactly what the question raised by the verdict was is uncertain. The plaintiff's counsel contends that it simply raises a question of pleading, to wit:

"Can the plaintiff in any event recover in this action for fans not admitted to be Capell fans?"

On the other hand, defendant's counsel say:

"In order to avoid confusion in the minds of the jurors, counsel for plaintiff agreed that it might be conceded that the fans denominated 'Clifford fans' were not made after the devices shown in the Capell patent, and based his right of recovery, as to the royalty on Clifford fans, upon the legal proposition that all fans manufactured by Clifford were liable for the 10 per cent. royalty provided in the contract."

The charge of the court and evidence are not printed, and we have no light as to the character of the proofs on that subject and how the questions of fact were submitted to the jury; but the court, in its opinion disposing of the motion, states that:

"The testimony shows very clearly that it [the Clifford fan] is in all particulars identical with the Capell fan. The witnesses experienced some difficulty in their attempts to show the differences, and what they do state are apparently quite small and of no substantial effect or importance."

Moreover, the trial judge stated the reserved question was "whether the court be of opinion that the defendant is or is not liable in this action under the contract for royalties or fans other than those admitted to be Capell fans," and held "that plaintiff is not limited in this action under the contract" to a recovery of royalties on "fans admitted to be

Capell fans," but can recover royalties also on fans shown to be Capell fans, by whatever name they may be called, and without defendant's admission to that effect." The refusal of the court to reduce the verdict and the entry of judgment for the full amount found is here assigned for error.

After careful consideration, we have found no ground on which to convict the court below of error. The uncertainty of exactly what question was reserved, the absence of ascertained, definite facts on which to warrant a reduction of the verdict, leaves the case void of such data as an appellate court, asked to review the case, should properly have before it. If the verdict means that these fans were substantially like these mentioned in the agreement, clearly the plaintiff was entitled to recover for them in this action. Felix v. Scharnweber, 125 U. S. 58, 8 Sup. Ct. 759, 31 L. Ed. 682; St. Paul Plow Works v. Starling, 127 U. S. 376, 8 Sup. Ct. 1337, 32 L. Ed. 251. The mere fact that defendant alleged they were Clifford fans, and claimed they were not covered by the agreement, would not remit the plaintiff to another suit to determine that question. The contention of the plaintiff's counsel is that there was no dispute in that regard. The opinion of the court confirms that view, and in the absence of the testimony and the charge of the court we are not warranted in accepting the contention of the defendant's counsel that this substantial question of fact, namely, whether the fans were substantially Capell fans, was wholly eliminated from the case. If such was the intention of the parties, the verdict did not make it so clear that this court would have something beyond mere surmise and conjecture in that regard on which to ground a reversal of the lower court's action. Presumably the judge who tried the case, who was familiar with the testimony and heard the arguments of the counsel, was in a position to construe this agreement in accord with what both counsel intended and acted on in the trial of the cause.

In the absence, therefore, of any error being shown us in the action of the trial court in afterwards discharging the rule to reduce the verdict, the judgment is affirmed.