sole fault of the owner, who knew or should have known of the restrictions on his own property.

*Judgment affirmed.*

WILLIAMS, J., concurs.

YOUNG, J., not participating.

---

THE HENRY GEHRING CO. v. MCCUE, D. B. A. THE HUMPHREY DISPENSER CO.

*Jurisdiction—Letters patent—Federal and state courts—Infringement or where validity of patent rights not involved—Unfair competition—Conduct damaging another in production and sale of wares—Litigation to harass and injure rival—"Unfair competition" defined.*

1. United States courts are given exclusive jurisdiction in suits for infringements of letters patent, either in law or equity.

2. Where issues raised in action for patent infringement do not involve validity of patent right, they are within jurisdiction of state courts.

3. Foundation of action for unfair competition may consist of conduct by defendant of such persistent and continuous nature as has resulted in damage to plaintiff in production and sale of its wares.

4. Malicious acts by way of litigation in courts, not founded on good faith but to harass and injure rival producing and selling same commodity, may authorize recovery as for unfair competition.

5. "Unfair competition" is conduct of trade or business in such manner that there is express or implied representation that goods or business of one man are goods or business of another.

(Decided November 1, 1926.)

Error:　Court of Appeals for Cuyahoga county.

*Messrs. Turney & Sipe,* for plaintiff in error.
*Messrs. Bates, Macklin, Goldrick & Teare,* for defendant in error.

Sullivan, J.　This cause comes into this court on error from the court of common pleas, wherein a demurrer was sustained to the petition.　Error is prosecuted on the ground that the court below had no jurisdiction of the subject of the action and that the allegations stated in the petition do not constitute a cause of action.

The assignment of error as to the question of jurisdiction is based upon those allegations of the petition which have to do with the subject of patent infringement, and, of course, it is well settled that the United States courts are given exclusive jurisdiction in suits for the infringements of letters patent, either in law or in equity.　See Hopkins on Patents, Sections 323-325, pp. 389-394.

The amount involved is not material in this class of cases where the court has exclusive jurisdiction. *St. Paul Plow Works* v. *Starling,* 127 U. S., 376, 8 S. Ct., 1327, 32 L. Ed., 251.

The United States courts are given exclusive jurisdiction of these matters, such as suits for infringements of letters patent, either in law or equity.　See Section 711, U. S. R. S.; Section 1021, Barnes' Fed. Code; Section 1233, U. S. Comp. Stats.

From an examination of the allegations of the petition with respect to the infringement of the patent it is clear that the issue raised does not involve the validity of a patent right, and that

being so the case of *Blakeney* v. *Goode*, 30 Ohio St., 351, governs. We quote paragraph 5 of the syllabus:

"Although a cause of action may relate to the subject-matter of a patent right, it is within the jurisdiction of state courts, if it does not involve the validity of the patent right."

This authority is supported by many other authorities, too numerous to mention. From the pleading the question of infringement arises collaterally only with respect to the real issue raised, which is damage for what is alleged to be an unlawful course of conduct resulting in injury to the plaintiff. Therefore, on the question of jurisdiction we think there was error in the ruling of the court below in sustaining the demurrer.

As to whether the allegations of the petition under the second assignment of error are sufficient to constitute a cause of action, an analysis of the allegations shows that the foundation of the action consists in certain conduct on the part of the defendant of such persistent and continuous nature as has resulted in damage to the plaintiff in the production and sale of its wares.

There is well-established authority for the holding that the pursuit of one competitor by another, either in court or out of court, for the purpose of injuring him in his business, may result in recovery under sufficient proof. There are numerous cases of successful recoveries because of malicious acts by way of litigation in the courts, where it appears that the litigation was not founded upon good faith, but was instituted with the intent and purpose of harassing and injuring a rival pro-

ducing and selling the same commodity. The allegations of the petition set forth acts and circumstances which partake of the nature of those set forth in this class of cases. Allegations are made that the conduct of the defendant had no warrant or proof, but was based upon false statements respecting the patent. It is alleged that accusations resulting in damage are false, and it is further alleged that these actions and conduct resulted in depriving plaintiff of customers and otherwise injuring it. If these allegations are susceptible of sufficient proof, under the authorities a recovery may be had, based upon the doctrine of "unfair competition," and the definition of this term consists essentially in the conduct of a trade or business in such manner that there is an express or implied representation that the goods or business of one man are the goods or business of another.

With these views of the allegations of the petition we think that there is subsantial error in the judgment below, and for the reasons given the judgment is reversed and the cause remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

LEVINE, P. J., and VICKERY, J., concur.