HOLD STITCH FABRIC MACH. CO. *v.* MAY HOSIERY MILLS.

(*Nashville*, December Term, 1945.)

Opinion filed June 1, 1946.

20

A. YATES DOWELL, of Washington, D. C., and GEORGE C. ANDERSON, WALKER & HOOKER, and TYREE B. HARRIS III, all of Nashville, for appellant.

BASS, BERRY & SIMS, of Nashville, for appellee.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This is an appeal from a decree of the Chancery Court of Davidson County overruling a demurrer of defendant May Hosiery Mills to the bill filed by Hold Stitch Fabric Machine Company, both Tennessee corporations, which challenged the jurisdiction of the state court on the ground that the federal courts have exclusive jurisdiction of the issues involved. The question is one of first impression in this state.

The bill alleges:

1. That complainant is the assignee of one Clarence W. Minton to certain patent rights involving improvements in knitting machines and is entitled to the exclusive use of such inventions.

2. That defendant has notified complainant it claims the patents as its exclusive property and is entitled to assignment of all rights in them on the ground that the inventions were originated by Minton during and pursuant to his former employment with defendant.

3. That Minton denies defendant's claim and asserts his inventions were made away from defendant's premises and without compensation from defendant.

4. That by a written contract to purchase machines covered by the patents, entered into with Minton in 1941, defendant irrevocably recognized the ownership of said patents to be in Minton.

5. That in November, 1944, defendant presented to Minton an instrument represented to be an agreement to assign Minton's future inventions to defendant; that Minton thereupon insisted that the instrument plainly

show that it did not include existing inventions for which applications for patents were then pending; that, upon Minton's insistence, the instrument was amended, after which Minton executed and delivered it to defendant, no copy being furnished to Minton; that, however, defendant now claims that by execution of said instrument, it acquired certain rights in the patents later assigned to complainant; and complainant therefore calls upon defendant to produce said instrument.

6. That, unless restrained, defendant will begin production of machines containing improvements covered by the patents.

It is finally charged that the claims asserted by defendant to the patents constitute clouds upon complainant's title and interfere with his exploitation of said patents.

The prayer is that defendant be required to assert in this proceeding all claims it has in and to inventions covered by these patents, and to produce and file herein all instruments relating thereto; that the court declare the rights of the parties and decree complainant to be the exclusive owner of inventions covered by the said patents; that defendant be forever enjoined from the manufacture, use or sale of any processes or products covered by said inventions; and for general relief.

The defendant first filed a petition to remove the cause to the United States District Court for the Middle District of Tennessee, and it was so ordered. However, the federal district judge remanded the cause to the Chancery Court of Davidson County, on motion of complainant alleging that the principal issue involved, as shown by the bill, was the ownership of the patents in question; that any issue of infringement is dependent upon such issue of ownership; that, therefore, no jurisdiction existed in the federal court.

It thus appears that the only question for our determination is whether, looking to the allegations of the bill, the suit is one "arising under the patent-right . . . laws of the United States", 28 U. S. C. A., section 371 (Fifth), and, therefore, within the exclusive jurisdiction of the Federal Courts. Indeed, counsel for appellant concedes that unless the bill is one involving infringement of a patent jurisdiction it is in the chancery court.

█ It is well established that a case involving patent rights does not necessarily "arise under the patent laws," and that a state court has jurisdiction to determine questions relating to patent rights when such questions are incidental or collateral to a main cause of action over which the courts of the state have jurisdiction. 40 Am. Jur. 654; *Forster* v. *Brown Hoisting Machinery Co.*, 266 Ill. 287, 107 N. E. 588, Ann. Cas. 1916B, 800 et seq.; *Luckett* v. *Delpark*, 270 U. S. 496, 46 S. Ct. 397, 70 L. Ed. 703; *Pratt* v. *Paris Gaslight & Coke Co.*, 168 U. S. 255, 259, 18 S. Ct. 62, 42 L. Ed. 458; *Laning* v. *National Ribbon & Carbon Paper Mfg. Co.*, 7 Cir., 125 F. 2d 565; *Carleton* v. *Bird*, 94 Me. 182, 47 A. 154; *Slemmer's Appeal*, 58 Pa. 155, 98 Am. Dec. 248.

As said in *Excelsior Wooden Pipe Co.* v. *Pacific Bridge Co.*, 185 U. S. 282, 286, 287, 22 S. Ct. 681, 683, 46 L. Ed. 910: "There is a clear distinction between a *case* and a *question* arising under the patent laws." (Emphasis ours.)

Although there is some confusion in the numerous opinions attempting to demark the line separating cases which "arise under the patent laws" from those which do not so arise, but which merely "involve a question" of patent law, certain guiding standards have been evolved and have become generally accepted.

■ To constitute a suit under the patent laws justiciable by a federal court, the complainant must assert some right or interest under those laws, or at least make it appear that some right or privilege will be defeated by one construction of those laws, or sustained by another. 40 Am. Jur. 653; *Odell* v. *F. C. Farnsworth Co.*, 250 U. S. 501, 39 S. Ct. 516, 63 L. Ed. 1111.

■ Thus, it is clear that only a federal court may pass *directly* upon the question of infringement (*General Electric Co.* v. *Marvel Rare Metals Co.*, 287 U. S. 430, 53 S. Ct. 202, 77 L. Ed. 408; *The Fair* v. *Kohler Die & Specialty Co.*, 228 U. S. 22, 33 S. Ct. 410, 57 L. Ed. 716; *Excelsior Wooden Pipe Co.* v. *Pacific Bridge Co.*, *supra*; *Cinema Patents Co.* v. *Columbia Pictures Corp.*, 9 Cir., 62 F. 2d 310), or of the construction of the patent laws (*United States ex rel. Steinmetz* v. *Allen*, 192 U. S. 543, 24 S. Ct. 416, 48 L. Ed. 555), or of the validity of a patent. *St. Paul Plow Works* v. *Starling*, 127 U. S. 376, 8 S. Ct. 1327, 32 L. Ed. 251; *Laning* v. *National Ribbon & Carbon Paper Mfg. Co.*, 7 Cir., 125 F. 2d 565, 566; *Forster* v. *Brown Hoisting Machine Co.*, 266 Ill. 287, 107 N. E. 588; *Slemmer's Appeal*, 58 Pa. 155, 98 Am. Dec. 248.

■ It is equally clear that where an action is brought on a contract of which a patent is the subject matter, either to enforce the contract or to annul it, the case arises on the contract and not under the patent laws, and the state court has jurisdiction. *Briggs* v. *United Shoe Machinery Co.*, 239 U. S. 48, 36 S. Ct. 6, 60 L. Ed. 138; *Pratt* v. *Paris Gaslight Co.*, 168 U. S. 255, 259, 18 S. Ct. 62 42 L. Ed. 458; *Dale Tile Mfg. Co.* v. *Hyatt*, 125 U. S. 46, 8 S. Ct. 756, 31 L. Ed. 683; *Shoemaker* v. *South Bend Spark Arrester Co.*, 135 Ind. 471, 35 N. E. 280, 22 L. R. A. 332; *Smith* v. *Ayrault*, 71 Mich. 475, 39 N. W. 724, 1 L.

R. A. 311; 40 Am. Jur. 653; Annotations: 62 L. R. A. 538, sec. 23, et seq., 134 Am. St. Rep. 195(i).

Accordingly, an action may be maintained in a state court to enforce payment of royalties or license fees (*Odell* v. *F. C. Farnsworth Co., supra; Felix* v. *Scharnweber,* 125 U. S. 54, 8 S. Ct. 759, 31 L. Ed. 687; *Hyatt* v *Ingalls,* 124 N. Y. 93, 26 N. E. 285), or for fraudulent representations concerning a patent. *Page* v. *Dickerson,* 28 Wis. 694, 9 Am. Rep. 532; *Middlebrook* v. *Broadbent,* 47 N. Y. 443, 7 Am. Rep. 457; *Forster* v. *Brown Hoisting Machinery Co.,* 266 Ill. 287, 107 N. E. 588, Ann. Cas. 1916B, 800, 805. So, also, it has been held that a state court has jurisdiction of a proceeding wherein the main issue is slander of title to a patent, even though the validity or infringement of the patent may be an incidental question. *Flint* v. *Hutchinson Smoke-Burner Co.,* C. C., 38 F. 546. And where the gist of the action is to determine the title to a patent, the federal courts are without jurisdiction, even though questions of validity or infringement of the patent are involved in connection with such determination. *Shoemaker* v. *South Bend Spark Arrester Co., supra; Jones Cold Store Door Co.* v. *Jones,* 108 Md. 439, 70 A. 88, 129 Am. St. Rep. 446; *New Marshall Engine Co.* v. *Marshall Engine Co.,* 223 U. S. 473, 32 S. Ct. 238, 56 L. Ed. 513.

In all such cases, the state courts are not prohibited from passing upon patents, their validity or their infringement, when this inquiry arises as an incidental or collateral part of a case properly triable in a state court. *Wittemann Bros.* v. *Wittemann Co.,* 88 Misc. 266, 151 N. Y. S. 813; *Reliable Incubator & Brooder Co.* v. *Stahl,* 7 Cir., 105 F. 663, 44 C. C. A. 657; Ann. Cas. 1916B, 804; *Pratt* v. *Paris Gas Light & Coke Co.,* 155 Ill. 531, 40 N. E. 1032, affirmed in 168 U. S. 255, 18 S. Ct. 62, 42 L. Ed. 458.

As pointed out by the court in *Laning v. National Ribbon, etc., Co., supra* [125 F. 2d 566], "the most troubling cases are those of a hybrid nature," in which complainant asserts rights under the patent laws and alleges infringement of these rights, but in which the first question to be determined is one unrelated to the patent laws, such as the interpretation of a contract, the establishment of title, the removal of a cloud upon title, or some other equitable or legal question dependent upon state laws and decisions.

The federal courts have many times been presented with such "hybrid" cases, and, without attempting an exhaustive review of these oft-reviewed and analyzed cases, we believe the 1942 decision of *Laning v. National Ribbon, etc., Co., supra,* cited by both appellant and appellee, correctly sets forth the test of jurisdiction at page 566 of 125 F. 2d:

"1. If the plaintiff bases his action broadly on his rights under the patent laws and alleges infringement of those rights, the case is one arising under the patent laws and the federal courts have jurisdiction therein. Although the answer raises an issue foreign to the patent laws, for example, the existence or non-existence of a contract, or if the plaintiff in his complaint anticipates such a defense—even if subsequent pleadings show that the sole question to be determined is a matter of general law as opposed to patent law—yet the action is one arising under the patent laws. *Healy v. Sea Gull Specialty Co.,* 237 U. S. 479, 35 S. Ct. 658, 59 L. Ed. 1056; *The Fair v. Kohler Die & Specialty Co.,* 228 U. S. 22, 33 S. Ct. 410, 57 L. Ed. 716; *Excelsior Wooden Pipe Co. v. Pacific Bridge Co.,* 185 U. S. 282, 22 S. Ct. 681, 46 L. Ed. 910; *Littlefield v. Perry,* 21 Wall. 205, 88 U. S. 205, 22 L. Ed. 577.

"2. If, however, the action is one in which the plaintiff ask affirmative relief as a basis for his right to relief for infringement, then the action is not one arising under the patent laws. Such an action belongs properly in a state court, and federal courts have no jurisdiction therein, in the absence of diversity of citizenship. An allegation of infringement in such a case must be construed as an allegation that the plaintiff, after his title to the patent has been established by the court, will seek relief from infringement. *Wilson* v. *Sandford*, 10 How. 99, 51 U. S. 99, 13 L. Ed. 344; *Luckett* v. *Delpark, Inc.*, 270 U. S. 496, 46 S. Ct. 397, 70 L. Ed. 703; *Lion Mfg Corporation* v. *Chicago Flexible Shaft Co.*, 7 Cir., 106 F. (2d) 930."

We are of opinion that the instant suit comes within the second of these classifications.

Considering the bill as a whole, the primary relief sought is a declaration of the rights of the parties and an adjudication of the ownership of inventions covered by the patents. Such relief depends, or may depend, upon a construction of instruments mentioned in the bill and asserted by complainant to be clouds upon its title to the patents. The removal of such clouds is the primary purpose upon determination of which all further relief depends. No allegations of the bill raise any question of the validity of the patents or of construction of the patent laws. The only allegation which might be construed to allege infringement is that averring that defendant, unless restrained, will begin production of machines containing improvements covered by the patents. The main effect of this allegation is to "point up" the necessity and urgency for a determination of the rights of the parties in the patented inventions to avoid injury to complainant Although the bill prays for an injunction against defendant's use of the patented inventions, it is apparent

that such relief is ancillary to and dependent upon determination of the title and rights of the parties.

In *Wilson* v. *Sandford*, 10 How. 99, 51 U. S. 99, 13 L. Ed. 344, a bill was filed in the federal court setting forth complainant's ownership of a patent, a contract assigning a license in said patent to defendants, the breach of such contract by defendants, and the consequent forfeiture of the license. The bill further averred that defendants were using the patented machine and were infringing the patent. The bill prayed for an accounting a re-investiture of complete right and title in the complainant, and a temporary and permanent injunction. On demurrer, the bill was dismissed for lack of jurisdiction as not arising under the patent laws, and the court said (10 How. at page 101, 51 U. S. at page 101, 13 L. Ed. 344): "Now the dispute in this case does not arise under any act of Congress; nor does the decision depend upon the construction of any law in relation to patents. It arises out of the contract stated in the bill; and there is no act of Congress providing for or regulating contracts of this kind. The rights of the parties depend altogether upon common law and equity principles. The object of the bill is to have this contract set aside and declared to be forfeited; and the prayer is, 'that the appellant's reinvestiture of title to the license granted to the appellees, by reason of the forfeiture of the contract, may be sanctioned by the court,' and for an injunction. *But the injunction he asks for is to be the consequence of the decree of the court sanctioning the forfeiture.* He alleges no ground for an injunction unless the contract is set aside." (Emphasis ours.)

In *Luckett* v. *Delpark, Inc.*, 270 U. S. 496, 46 S. Ct. 397, 70 L. Ed. 703 relied upon by both appellant and appellee, the bill set forth complainant's title to certain patents, an assignment to defendants, a breach of conditions of such

assignment, and infringement by the defendants. The prayer for relief asked that title to one patent be reassigned to plaintiff to remove a cloud on his title; that assignments be cancelled; that an accounting be had; and that defendants be enjoined from further use of the inventions concerned.

After an exhaustive review of the Supreme Court decisions, the Court said through Mr. Chief Justice TAFT (270 U. S. at page 502, 46 S. Ct. at page 399, 70 L. Ed. 703): "We do not think that this suit arises under the patent laws. Its main and declared purpose is to enforce the rights of the plaintiff under his contracts with defendants for royalties and for pushing the sales of 'My Pal' garments. In addition he seeks the reconveyance of one patent on forfeiture for failure of condition *to remove a cloud on his title* and a cancellation of all agreements of license of the other for their breach in order presumably that, unembarrassed by his assignment and licenses, he may enjoin future infringement."

The Court thereupon holds that (270 U. S. at pages 510, 511, 46 S. Ct. at page 402, 70 L. Ed. 703) "the principle, laid down in *Wilson* v. *Sandford,* that where a patentee complainant makes his suit one for recovery of royalties under a contract of license or assignment, or for damages for a breach of its covenants, or for a specific performance thereof, or asks the aid of the court in declaring a forfeiture of the license, or *in restoring an unclouded title to the patent,* he does not give the federal District Court jurisdiction of the cause as one arising under the patent laws. Nor may be confer it in such a case by adding to his bill an averment that after the forfeiture shall be declared, or the title to the patent shall be restored, he fears the defendant will infringe, and therefore asks an injunction to prevent it." (Emphasis added.)

After consideration of the above-cited cases, Judge Minton, in *Laning* v. *National Ribbon & Carbon Paper Mfg. Co., supra,* 125 F. (2d) at page 568, concludes:

"Considering the complaint in the present case in the light of the last three decisions discussed, we see that the complaint asks first that the court declare plaintiff's title to the patent in suit, and that it then give relief for infringement. Unless the first relief is granted, the plaintiff has alleged no cause for the second relief.

"In the case at bar the gravamen of the action is one for the determination of title. It is Hamlet in this case. Infringement is an incident to the main question of title, to be reached secondarily. The question of title is the primary issue that must first be settled before the question of infringement can be reached. Plaintiff alleges no ground for injunctive relief for infringement until the controversy as to title is first settled."

To the same effect are *New Marshall Engine Co.* v. *Marshall Engine Co.,* 223 U. S. 474, 32 S. Ct. 238, 56 L. Ed. 513; *Lion Mfg. Corporation* v. *Chicago Flexible Shaft Co.,* 7 Cir., 106 F. (2d) 930; *Dill Mfg. Co.* v. *Goff,* 6 Cir., 125 F. (2d) 676; *Lowry v. Hert,* 6 Cir., 290 F. 876; *Shoemaker v. South Bend Spark Arrester Co.,* 135 Ind. 471, 35 N. E. 280, 22 L. R. A. 332.

Counsel for appellant strongly contend that the present case is taken out of the rule applied in the cases cited, because the complainant has "legal title" to the patents. They insist that if the complainant has legal title to a patent and sues for infringement, even as incidental relief, the federal court is the only proper forum. Counsel rely on the cases of *Lion Mfg. Corporation* v. *Chicago Flexible Shaft Co.,* and *Dill Mfg. Co.* v. *Goff,* both *supra,* and earnestly contend that such a rule is stated by the

opinion of the Circuit Court of Appeals in the *Dill Case,* 125 F. (2d) at page 679, where the Court said:

"At the risk of repetition it must be made clear that the present case is not one wherein suit for infringement is brought by one holding title even though his title be challenged and charged with infirmity. It is a suit wherein title first must be adjudicated, with adjudication dependent entirely upon the principles and rules of equity and involving in no degree the act of Congress conferring or protecting patent rights. In a situation almost identical with this, the court of the Seventh Circuit in *Lion Mfg. Corp.* v. *Chicago Flexible Shaft Co.,* 7 Cir., 106 F. (2d) 930, 932, clearly perceived this distinction: 'That the primary and controlling purpose of the bill was to compel an assignment of the legal title of the patent, by the defendants to the plaintiff, seems so certain as not to admit of serious dispute. The other relief sought was dependent thereon. The injunctive process of the court could not be invoked nor the claim of infringement maintained until and unless the plaintiff was entitled to and acquired legal title.' These observations are equally applicable to the bill here considered."

We do not understand the quoted language to conflict with the holdings of the United States Supreme Court and the other federal courts to which we have referred. In both the Dill and the Lion cases, the complainant was attempting to bring his suit in the federal court on claims of infringement, and in both cases his right to be in the federal court was denied on the ground that he did not allege a case "arising under the patent laws," inasmuch as he showed no title to any patent right involved. The court in each case held that the suit was not primarily one for infringement or injunctive relief—that such relief was incidental to and dependent upon the main question

to be adjudicated, which was one of assignment of title. The establishment and ascertainment of title was, therefore, necessary to be determined before complainant had standing to sue for infringement under the patent laws. These cases do not decide that complainant could have maintained suit in federal court under the patent laws if title had been vested in them—they hold merely that the lack of title is a bar to the maintenance of such a proceeding. Certainly these cases do not hold nor imply that if complainants held legal title to the patents they would be required to sue in the federal courts, regardless of issues involved in the case in addition to a prayer for injunction. In the cases of *Luckett* v. *Delpark, Inc.*, and *Wilson* v. *Sandford,* both *supra,* complainant was vested with legal title to the patents involved, but the state courts were nevertheless held to have jurisdiction because other questions than infringement, such as the clearing of a cloud on that legal title, were paramount.

 The complainant concedes that it could have brought this proceeding in the federal district court under different allegations of fact, setting up its legal title to the patents involved, directly alleging infringement, and seeking triple damages under the patent laws. Whether complainant could have invoked the jurisdiction of the federal courts is a question unnecessary for our decision. However that might be, complainant elected to bring its suit in the chancery court of this state, and under the allegations set forth in its present bill, it could have proceeded in no other forum. To the effect that a complainant patentee may elect the relief which he will seek, and thus determine whether the proceeding is under the patent laws or not, is the holding in *Lowry* v. *Hert,* (6 Cir.), 290 F. 876, at page 879, where the court said: "The party who brings the suit is 'master to decide what law he will

34

rely upon,' and *Odell* v. [*F. C.*] *Farnsworth Co.*, 250 U. S. 501, 39 S. Ct. 516, 63 L. Ed. 1111, illustrates how much latitude he has in fixing the jurisdiction by shaping his complaint. The court which considers such a case must decide, as in the strikingly analogous case of *Brown* v. *Shannon*, 20 How. 56, 15 L. Ed. 826, what is the gravamen of the complaint—whether infringement of contract rights.''

 We think it apparent that the basic purpose of this suit is to remove clouds on the title of complainant to certain property, which happens to be patent rights. The question of the rights of the parties in and to such property is the primary question. Indeed, as said in *Laning* v. *National Ribbon, etc., Co., supra*, "It is Hamlet in this case." Such injunctive relief as is prayed for is subsidiary to and dependent upon the main equitable issue of property rights. The cause is, therefore, properly in the Chancery Court of Davidson County and the decree of the learned chancellor is affirmed.