JOURNAL ENTRY AND OPINION
Plaintiff-appellant Molten Metal Equipment Innovations Inc. (MMEI) challenges entry of judgment in favor of defendants-appellees Metaullics System Co. L.P. and its general partner Metaullics System Co. (Metaullics) upon claims alleging abuse of process and unfair competition which MMEI asserted against them in the Cuyahoga County Common Pleas Court. For the reasons stated below, we affirm.
The record demonstrates that the parties were business competitors in the molten metal pump market. It is undisputed by the parties that Metaullics had historically been the market leader in sales, research and development of molten metal pumps. Paul V. Cooper had been employed by Metaullics but resigned in June 1990 and became the president and co-owner of MMEI.
Several lawsuits between the entities have been litigated in both state and federal courts. In 1992, Metaullics commenced a patent infringement action against MMEI and Paul Cooper in federal court. In the patent infringement case, MMEI advanced counterclaims for abuse of process and unfair competition which were dismissed by the court. In April 1994, the jury rendered a verdict which was affirmed in the U.S. Court of Appeals on December 21, 1995 against MMEI and Cooper in favor of Metaullics on its patent infringement claims. While the federal patent litigation was pending, on June 1, 1993, Metaullics commenced a misappropriation of trade secrets and breach of contract action against MMEI and its president Paul V. Cooper in Cuyahoga County Common Pleas Court. In that case, Metaullics requested injunctive relief sufficient to redress for the misappropriation of the trade secrets. However, the request for injunction was denied by the court, the matter went to trial and, in March 1995, the jury returned a verdict in favor of MMEI and Cooper on Metaullics' claims against them. In that case, then, MMEI moved for sanctions against Metaullics claiming the matter had been maliciously filed, but the motion for sanctions was denied by the court.
The action which gives rise to the within appeal was commenced by MMEI on June 13, 1997. In this case, MMEI asserted claims against Metaullics alleging in its amended complaint filed July 3, 1997, that Metaullics engaged in: 1) malicious prosecution; 2) abuse of process; and 3) unfair competition. On August 4, Metaullics filed its answer to the amended complaint in which it generally denied the allegations, asserted counterclaims alleging statutory violations of both the Ohio Deceptive Trade Practices Act and Section 43(a) of the Lanham Act, and asserted a common law claim for unfair competition. Further, in its answer, Metaullics pled the affirmative defenses of res judicata, collateral estoppel and statute of limitations among others. On November 3, 1997, Metaullics voluntarily dismissed its counterclaims without prejudice. On February 3, 1998, Metaullics moved for summary judgment on each of the three claims as asserted by MMEI. The trial court granted MMEI additional time to conduct discovery pursuant to Civ.R. 56(F) and, on September 14, 1998, MMEI responded to Metaullics' motion. In its response, MMEI elected to abandon its claim of malicious prosecution and opposed the alternative claim of abuse of process and the claim of unfair competition. Briefing of the motion was completed on October 19, 1998, after the filing of Metaullics' reply, MMEI'S sur-reply and Metaullics' response to MMEI's sur-reply brief. On April 13, 1999, the trial court granted Metaullics' motion for summary judgment as to all claims asserted against it. MMEI filed notice of appeal of the judgment on May 6, 1999. On May 10, the trial court issued a written opinion, nunc pro tunc, April 13, 1999. The within appeal follows by which MMEI advances two assignments of error for our review.
 I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS-APPELLEES AND AGAINST PLAINTIFF-APPELLANT ON PLAINTIFF-APPELLANT'S ABUSE OF PROCESS CLAIM.
 II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS-APPELLEES AND AGAINST PLAINTIFF-APPELLANT ON PLAINTIFF-APPELLANT'S CLAIMS FOR UNFAIR COMPETITION.
In each assigned error, appellant contends that the trial court erred in granting summary judgment in favor of appellees and asserts that the evidence submitted demonstrates that genuine issues of material fact exist with respect to each element of their claims challenged by appellees in their summary judgment motion.[1]
Civ.R. 56(C) provides in relevant part:
 Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the case show that there is genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
An appellate court's review of summary judgments is de novo. See Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35. In Zivich v. Mentor Soccer Club (1998), 82 Ohio St.3d 367, 369-370, the Ohio Supreme Court restated the appropriate test for summary judgment as follows:
 Pursuant to Civ.R. 56 summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274.
In its first assignment of error, MMEI (appellant) challenges the trial court's grant of summary judgment in favor of Metaullics (appellees) on its abuse of process claim.
The three elements of the tort of abuse of process are: (1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process. Yaklevich v. Kemp, Schaeffer Rowe Co., L.P.A. (1994), 68 Ohio St.3d 294, paragraph one of the syllabus.
To make a case of abuse of process a claimant must show that one used process with an `ulterior motive,' as the gist of the offense is found in the manner in which the process is used. * * * The tortious character of the defendant's conduct consists of his attempts to employ a legitimate process for a legitimate purpose in an improper manner, and this point must be clearly shown by the plaintiff to entitle him [to] maintain his action. Levine v. Complete Office Supply, Inc. (Sept. 5, 1996), Cuyahoga App. No. 70006, unreported, citing Clermont Environmental Reclamation Co. v. Hancock (1984), 16 Ohio App.3d 9, 11. Thus, [t]he key consideration in an abuse of process action is whether an improper purpose was sought to be achieved by the use of a lawfully brought previous action." Yaklevich, supra, at 300.
"In an abuse of process case, `the improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club.' Prosser Keeton on Torts (5 Ed. 1984) 898, Section 121. Simply, abuse of process occurs where someone attempts to achieve through use of the court that which the court is itself powerless to order." Robb v. Chagrin Lagoons Yacht Club, Inc. (1996), 75 Ohio St.3d 264, 271. Therefore, `there is no liability [for abuse of process] where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions.' Prosser Keeton, supra, at 898. Yaklevich, supra, 298 at fn. 2.
Applying the elements of the tort of abuse of process to the present facts, it is apparent that appellant has failed to establish that the underlying trade secrets/breach of contract proceeding was perverted in an attempt to accomplish an ulterior purpose for which it was not designed. See Yaklevich, supra.
The record demonstrates that in its claim asserting abuse of process, appellant alleged that appellees set in motion legal process and proceeded to prosecute and maintain such proceedings for the ulterior purpose of damaging [appellant's] reputation and viability in the marketplace. [Appellees] engaged in further acts in the use of process not proper in ordinary and regular conduct of the proceeding. Moreover, appellant claimed that as a result of this alleged abuse of process it has suffered damage. Thus, in its amended complaint, appellant has not asserted facts to demonstrate an alleged ulterior motive.
In their motion for summary judgment on the abuse of process claim, appellees, in reliance on the pleadings, asserted that they were entitled to judgment as a matter of law because no genuine issue of fact is in dispute; the proceeding was properly brought; no ulterior purpose can be shown by appellant; and no damages were suffered due to the alleged abuse of process. In other words, appellees, in reliance on the pleadings, asserted that appellant is unable to present evidence to show that the underlying proceeding was "perverted to attempt to accomplish an ulterior purpose for which it was not designed." Id.
In order to defeat appellees' motion for summary judgment, appellant was required to put forth evidence demonstrating triable issues on each essential matter for which it bore the initial burden of proof. See Cejer v. Ashmus (May 19, 1994), Cuyahoga App. No. 65538, unreported. In response, appellant submitted the affidavit of Paul Cooper in support of its allegations that the trade secrets litigation was used as a club to accomplish the total cessation of appellant's business. This affidavit states in pertinent part:
* * *
 3. In February, 1993 I had a private meeting with Richard Chandler, the president and part owner of * * * Metaullics. * * * During our meeting * * * Chandler indicated that Metaullics intended to file another lawsuit against me and MMEI, this time for theft of trade secrets. * * * Chandler did say that the lawsuit would be used to ruin the reputation of MMEI in the industry.
 4. In March, 1993 Chandler again threatened to drive MMEI out of business through the trade secrets lawsuit. * * * Chandler demanded MMEI go out of business completely. * * *
 5. * * * The legal fees and expenses incurred in the suit, especially in connection with the flurry of activity caused by the injunction proceedings, crippled MMEI's ability to effectively conduct business.
* * *
 7. * * * MMEI did in fact suffer a slow down in its business due to the trade secrets lawsuit.
Civ.R. 56(E) provides:
 [s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.
The Cooper affidavit constitutes, at best, both hearsay comments, not admissible as evidence, and mere conclusory statements, unsupported by proper evidence, insufficient to withstand defendants-appellees' motion for summary judgment. Brannon v. Rinzler (1991), 77 Ohio App.3d 749, 756; Johnson v. Morris(1995), 108 Ohio App.3d 343, 348; Chagrin Valley Realty Co. v. Motorcars P-A, Inc. (Mar. 3, 1994), Cuyahoga App. No. 65707, unreported.
Appellant further claimed that the documents produced in discovery by appellees and attached to its brief in opposition create a genuine issue of fact as to whether appellees used the trade-secret lawsuit as a marketing tool and, thus, abused the process.
Civ.R. 56(C) allows a trial court to consider only pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, in deciding a summary judgment motion. The proper procedure for introducing evidentiary material not specifically authorized by the rule is to incorporate such material by reference in a properly framed affidavit. Biskupich v. Westbay Manor Nursing Home (1986), 33 Ohio App.3d 220; State, ex rel. Freeman v. Morris (1991), 62 Ohio St.3d 107. Documents submitted in opposition to a motion for summary judgment which are neither sworn, certified, nor authenticated by affidavit have no evidentiary value. Green v. B.F. Goodrich Co. (1993), 85 Ohio App.3d 223. Nonetheless, we note that discussion with customers of the on-going trade secrets litigation between the parties would not be restricted speech. When one is named as a party in a civil action, such information is readily ascertainable through public records and is a matter of legitimate public interest. See Grange Mutual Cas. Co. v. Klatt (March 18, 1997), Franklin Cty. App. No. 96APE07-888, unreported.
Finally, appellant attempted to show that appellee submitted a false affidavit constituting abuse of process by noting discrepancies between affidavit testimony and deposition testimony of some witnesses. However, these arguable inconsistencies fail to establish a factual basis for appellant's assertion that appellees submitted false evidence and, thereby, abused the process.
Accordingly, even when we view the evidence before the court in a light most favorable to appellant, we find that appellant has failed to present admissible evidence which raises any question of fact as to whether the underlying proceeding had been perverted to attempt to accomplish an ulterior purpose for which it was not designed. See Tilberry v. McIntyre (Sept. 30, 1999), Cuyahoga App. No. 74549, unreported. Appellant's affidavit constitutes mere conclusory statements unsupported by evidence and insufficient to withstand summary judgment. See Levine v. Complete Office Supply, supra. Thus, appellant failed to satisfy the second element of the tort of abuse of process. Appellees are properly entitled to judgment as a matter of law on appellant's claim for abuse of process. Cejer v. Ashmus, supra. Appellant's first assignment of error is without merit.
In its second assignment of error, appellant challenges the trial court's grant of judgment in favor of appellees on its common law claim of unfair competition.
Unfair competition ordinarily consists of representations by one person, for the purpose of deceiving the public, that his goods are those of another. Drake Medicine Co. v. Glessner (1903),68 Ohio St. 337; Henry Gehring Co. v. McCue (1926), 23 Ohio App. 281. The concept of unfair competition may also extend to unfair commercial practices such as malicious litigation, circulation of false rumors, or publication of statements, all designed to harm the business of another. See Gehring, supra.
Appellant's complaint states in pertinent part:
 Metaullics has engaged in a pattern of unfair commercial practices amounting to unfair competition and designed to unfairly harm the business of MMEI. As a result of this unfair competition, MMEI has been damaged.
In this case, appellees, in their motion for summary judgment, assert that judgment must be entered in their favor because appellant's complaint alleges no facts which constitute malicious litigation and alleges no other acts which constitute unfair competition. In response, appellant claims that the affidavit of Paul Cooper raises a genuine issue of material fact as to whether appellees engaged in malicious litigation and whether that litigation had a chilling effect on appellant's business.
As stated above, the evidence set forth in the Cooper affidavit is insufficient to create a genuine issue of fact as to whether the litigation was improperly pursued. See Brannon, supra. Further, no competent evidence has been presented which creates a question of fact as to whether appellees circulated false rumors, or published statements designed to harm appellant's business. See Civ.R. 56(C). Accordingly, when we view the evidence before the court in a light most favorable to appellant, it is apparent that no genuine issue of material fact exists as to whether appellees engaged in unfair commercial practices such as malicious litigation, circulation of false rumors, or publication of statements designed to harm appellant's business. Under these circumstances, reasonable minds could only come to one conclusion and that conclusion is adverse to appellant. Appellees are properly entitled to judgment on appellant's claim of unfair competition against them as a matter of law. Appellant's second assignment of error is without merit.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ___________________________ TIMOTHY E. McMONAGLE, JUDGE
KARPINSKI, P.J. and PATTON, J., CONCUR.
[1] Although not at issue in this appeal, we find that summary judgment was appropriately granted on appellant's claim for malicious prosecution which was withdrawn by appellant and not opposed in its briefs.